no exceptions to the report had been filed in writing, which they contended ought to have been done, within four days from the entry of the judgment *nisi*. *Lewis* admitted, that where the exceptions arose from facts, such as misbehaviour of the referrees, want of notice &c. it was necessary that they should be in writing; but insisted, that where the objections arose from the face of the report, as in the present case, and depended upon construction of law, there was no such necessity. And accordingly THE COURT permitted him to proceed.

He took three exceptions:

1st. The act of Assembly giving references by rule of Court in actions depending, puts the report of referrees on the same footing precisely with the verdict of a jury. Now, in Trover a verdict can never be for restoration of the specific chattles, but for damages only, and such a verdict would be error: therefore he inferred the same law in the case of a report.

2dly. The report, on the face of it, shews the action of the plaintiff to be illegal—for Pawnee has a right to detain his pledge, until payment of the sum for which the pledge was given; and until such payment, Pawner can have no action to recover the thing pawned, or damages. Now the report finds £3, due from the plaintiff to the defendant, which at once defeats his right of action, and shews that judgment should be for the defendant.

3dly. A report should be such a one as that the Court may give judgment and award execution thereon. Judgment cannot be for both plaintiff and defendant on one issue; and this report gives something to each—It is a report on both sides—Judgment and execution can be only for one.*

THE COURT inclined strongly to be of opinion with *Lewis*, particularly on the first point; but no judgment was given, that the parties might if they would, accommodate the matter by a new reference: and, accordingly, it was afterwards referred *de novo*.

## CARREW *versus* WILLING.

CAPIAS to *June*, 1784. The Bail bond sued to *September*, 1784; and *December* 1784, judgment was signed on the bail bond suit, *nisi* special bail filed in 30 days. Default was made in filing special bail, and a *fi: fa:* issued to *June* 1785.                          The

---

* Mr. *Lewis* mentioned, that on a former argument of this cause, this exception was combated by an observation, that even if judgment could not be entered on the report according to the common forms, yet the reference being made under the eye of the Court, they would grant an attachment to compel compliance with the report, and the case of *Ralston* vs *Stewart* was mentioned, where the *Supreme Court* it was said, established this point. Time had been given to the plaintiff's Counsel to search for notes of this case; and no note being now produced, Mr. *Lewis* said, that although he was concerned in that cause with the gentleman who cited it (Mr *Sergeant*) yet he could not remember that any such point had been adjudged, and contended that the act of Assembly gave no such authority, and that no instance of such an attachment had ever been known in our practice.

And now, *August* 8, 1785, *Sitgreaves* filed defendant's affidavit of a juft defence, and obtained a rule to fhew caufe, why the proceedings in the bail bond fuit fhould not be ftayed on paying cofts, pleading iffuably in the original action, taking fhort notice of trial, and confenting that the judgment on the bail bond fhould ftand as a fecurity. He cited *Barnes's notes* 74. *Birch vs Graves.* Ib. 85. *Otway vs Cockayne.* Ibid. 91. *Seaber vs Powell. Ibid* 112. *Morley vs Carr.*

On the 13th of *Auguft, Sergeant,* for the plaintiff, fhewed caufe ; but, after argument, the rule was made abfolute.