The President now stated the material circumstances ; and delivered the opinion of the court as follows :
 

 Shippen, President.
 

 This is a motion to set aside the report of referees, on two grounds : 1st, For the misbehavior of the two referees, who signed the report, in deciding the dispute, without notice to the third referee, who did not sign it. The evidence by no means supports this objection, as it appears that the two referees had agreed upon the substance of their report, in the presence of the third referee, who declared his disagreement, and said the others could make the report without him.
 

 The second objection is to the report itself, as awarding money to be paid by the defendant on one side, and the making conveyances of land and a lot of ground, and taking up a bond and mortgage in the loan-office, by the plaintiff, on the other side. The ground of this objection is, that the court cannot do complete justice on both sides, as an execution may issue for the money against the defendant, and the plaintiff cannot be compelled by the court to perform his part; at least, that the remedies are not the same on both sides, namely by execution.
 

 *The determination of causes by referees under a rule of court, has been found a practice of such general convenience and utility, for the speedy and equitable decision of controversies depending in the courts
 
 *383
 
 of law, that the judges have always encouraged and supported it;" more especially as, in this mode of trial, the referees are not tied down by the strict rules of law, but may decide as the equity of the case may appear, and in some sort supply our want of a court of chancery. As the referees are judges of the parties’ own choosing, we never enter into the merits of the causes they decide,
 
 nor,
 
 in general, sot aside their reports but for misbehavior, or where the objections arise on the face of the proceedings.
 

 Where a report of referees awards money to be paid on one side, and certain other things to be done on the other, if the court cannot enforce both, they will certainly enforce neither. In the present case, the question will be, whether they can oblige the plaintiff to perform his part of the award ? They certainly cannot do it by execution ; but if they can do it by attachment, the remedies are mutual, though not by the same kind of process. That an attachment will lie for a contempt in not performing an award of referees, appears clearly to have been agreeable to the common law, prior to the statute of 9 & 10
 
 Wm. III.,
 
 which is declared by the judges, and appears from a perusal of the act itself, to have been made only to put agreements to refer cases, never instituted in court, upon the same footing with causes already in court, and to be declaratory of what the law was before, in the latter cases.
 

 I have inspected the record in the case of
 
 Stuart
 
 v.
 
 Ralston
 
 in the supreme court, and the judgment in that case seems decisive on the present question,
 

 (a)
 

 There, the award was that money should be paid by the defendant to the plaintiff, and that the plaintiff should, at a future time, when certain proceeds of pot-ash should come to his hands, and when a certain debt should be received, pay the amount of one-half of them to the defendant. The objection with regard to the time of the plaintiff’s performing his part of the award was much stronger than in the present case ; which requires that it shall be done within five days after payment of the money.
 

 In all cases of this kind, the court will exercise its equitable powers, in such a manner, as not to suffer either party to elude the performance of their part of the award. If, for instance, execution should be taken out by the plaintiff, against the defendant, and any well-grounded suspicion should appear, that the plaintiff was contriving, by flight, or otherwise, to avoid complying with his part, the court would order the money levied to be lodged in court, until the plaintiff should comply ; or might impose such other terms upon him as should appear necessary to oblige a compliance.
 

 As to the objection that part of the award is impossible to be complied with, the defendant himself having taken up the loan-office security, which was directed by the referees to be done by the plaintiff ; it is evident, from the time of its being done, that it was with a view of making the present objection, it being done two days *after the referees had r*ogg agreed upon their report, though before the actual signing of it. [*366 This, however, is no legal objection, because if any part of an award be impossible to be performed, it appears by a case in Salk. 83
 
 (Forster
 
 v.
 
 Branetti),
 
 
 *384
 
 that the court will refuse an attachment for that part. Tet, as the plaintiff in the present case would receive the benefit of what the deiendant has done in taking up the security, we should certainly think it equitable, that he should abate so much out of the money to be recovered, and upon application would oblige him to do it; and, in general, see that the report was carried into execution, in all its parts, agreeable to the intent of the referees, and the justice of the case.
 

 We, therefore, confirm the report,
 
 (a)
 

 (a)
 

 See the note to Buckley v. Durant,
 
 ante,
 
 p. 129. And see Williams v. Lardon, 14 S. & R. 338.
 

 (a)
 

 See Blackburn
 
 v.
 
 Markle, 6 Binn. 174; s. c. 12 S. & K. 143; Nicholas
 
 v.
 
 Wolfers-berger, 5 Id. 167.