The cause having been for some time under advisement, the chief justice delivered the opinion of the court as follows :
 

 McKean, Chief Justice.
 

 The judgment in this case depends upon the construction of the acts of assembly. 1 State Laws, pages 79 and 520.
 

 It is to be premised, that the reason which induced the legislature to make such acts as take away the common law, may be, and usually is, urged, as the rule by which the acts ought to be construed. In doubtful cases, therefore, we may enlarge the construction of an act of assembly, according to the reason and sense of the law-makers, either expressed in other parts of the act itself, or guessed, by considering the frame and design of the whole.
 
 Archer
 
 v.
 
 Bokenham,
 
 11 Mod. 161. And the original intent and meaning is to be observed.
 
 Magdalen College Case,
 
 11 Co. 73. Where, indeed, the expressions of an act of assembly are in general terms, they are to receive a construction that may be agreeable to the rules of common law, in cases of a similar nature. 19 Vin. Abr. 512.
 

 !|:The original'intent, then, of the makers of the law immediately under consideration, and their principal reason, seems to have been, to prevent honest purchasers or mortgagees of real estates, from being
 
 *449
 
 deceived by prior secret conveyances or incumbrances; and therefore, they have directed that such conveyances or incumbrances shall be recorded in six months, or that they should not be sufficient to pass any estate. Thus, by having recourse to the offices of the recorders, any one may ascertain the previous liens upon the property which he wishes to purchase, or to receive as a pledge ; and this amounts to a constructive notice to all men, and supersedes the necessity of express personal notice. But the legislature did not mean, nor have they, in fact, enacted, that express personal notice, where given, should have no effect; neither could they entertain an idea of defeating fair ar.d honest bargains, which do not injure other persons : and if this unrecorded deed can be obligatory in no other manner, it may certainly operate as a covenant to stand seised to uses. 2 Wils. 72, 105.
 
 (a)
 

 But why should it not be good as between John Levinz and the grantee, since by construing it so, no one else can be hurt, and the deed was clearly delivered for securing a just debt, without any suggestion of fraud in the transaction ? It is true, it would not have been valid against a subsequent grantee or mortgagee, whose deed or mortgage was regularly recorded ; but we think it is efficient against John Levinz, and all other persons ; that the deed, so far, is sufficient to pass the lands, and that, under it, the possession of the premises might have been recovered in an ejectment.
 

 There is a great variety of cases which confirm this opinion, and some of them have been already cited by the defendant’s counsel. Thus, with respect to church leases, the statute enacts, that they may be made for twenty-one years, or three lives, from the date ; and if made for a longer term, that they shall be utterly void, any law, custom or usage to the contrary. And yet leases for a longer term have always been adjudged good against those who made them ; because that could do no wrong to the successors, or to any other persons. See 1
 
 Eliz., c.
 
 10. § 5; 8 Bac. Abr. 890; Cowp. 141. So, likewise, notice of a judgment, though not docketed, will bind a purchaser, notwithstanding the express words of the statute of 4 & 5
 
 Wm. &
 
 Mary, c. 20, § 3, by which it is declared, that judgments, not docketed, shall not affect lands, as to purchasers or mortgagees. 2 Eq. Abr. 684. In the case of a lease made in Ireland, where there is a statute providing, that all leases which were not registered by a certain day, should be void, if a subsequent lessee had notice of the prior lease, though not registered, it shall be good against him. 2 Eq. Abr. 282, ca. 19. And in the instance of a surrender of a copyhold, by way of mortgage, not presented to the court in time, the surrender will nevertheless be valid against voluntary dispositions, or creditors ; and that, although by the custom of the manor, confirmed by the act of parliament, all such surrenders were to be void, if not presented in twelve ’''months after they were made. 1 Chan. Ca. 170; 2 Vern. [*436 564. These indeed, were considered in the nature of purchasers by *- defective conveyance, and the law as a penal one. See also, 1 Will. 279.
 

 Upon the whole, the court are clearly of opinion with the defendant, and direct judgment to be entered accordingly.
 

 Judgment for the defendant.
 
 (b)
 

 (a)
 

 See the remarks of Judge Duncan, in Semple v. Burd, 7 S. & R. 291.
 

 (b)
 

 See the remarks upon this case, by Judge Smith, in Burke v. Allen, 3 Yeates 60;
 
 *450
 
 and see Parker v. Wood, post, p. 436; Stroud
 
 v.
 
 Lockhart, 4 Dall. 153; Semple
 
 v.
 
 Burd. 7 S. & R. 286; Geiss v. Odenheimer, 4 Yeates 279; Wilt
 
 v.
 
 Franklin, 1 Binn. 522.