Shippen, C. J.
two days afterwards delivered the opinion of the court. The question agitated is of great magnitude, as it concerns the practice of the courts of this state. The method of settling suits by reference, has been experienced to be highly beneficial, and we should reluctantly throw any obstacles in the way, which might affect this mode of trial.
The difficulty in our minds has been created by the case of Starret v. Chambers et al. There the discontinuance passed sub silentio, without argument. But it is confidently said, that Chew, C. J. afterwards recognized the practice on a subsequent trial, between the same parties. If it even be the fact, we are possessed of such information on the subject, as thoroughly satisfies us, the opinion was suddenly given and was not the effect of reflection. We possess every respect for his opinion, and know his present sentiments.
In many instances, discontinuances in England are mere side bar motions, but are always subject to the discretion of the court. So is the rule laid down in Anna! 201, cited at the bar. They are the acts of the court.
It cannot seriously be supposed, that it was intended by the defalcation act, that when parties had submitted their disputes to judges of their own choice, either should be at liberty to recede from their determination, after the matters in controversy had been fully examined, and the referees had made up, or were about to make up, their minds on the subject. If such a construction was established, it would be unreasonable to expect that defendants would readily agree to submit their causes to such a tribunal. This is the true spirit of the resolution in Oxley and Hancock v. Olden, cited from 1 Dall. 430. We cannot on the fullest consideration, think, that the solitary case of Starret v. Chambers et al. is binding on us as an authority; and therefore overruled the exception of the discontinuance which has been taken to this report.
The consideration of the report as to the other exceptions founded on the merits, was adjourned.