*Monday,*
March 14th.

## RUSTON *against* The Administrators of DUNWOODY.

*The court will not permit a rule of reference to be struck off after there has been a meeting of the referees and the parties have proceeded before them in the controversy; notwithstanding since the meeting one of the original parties is dead, and his representatives have been substituted.*

ON behalf of the plaintiff a motion was made by *Rawle* to strike off the rule of reference, which had been made in this cause, upon the ground that the original defendant was dead, that the rule had been assented to by the plaintiff with the expectation that from a personal understanding with the defendant he would derive certain accommodations, which his administrators who were now parties to the action could not give, and that the rule being entered into between the plaintiff and *Dunwoody*, it could not operate as a rule between the plaintiff and the administrators of *Dunwoody*. He cited 3 *St. Laws* 94., and argued that from the spirit of the privileges there allowed to administrators, the court would be authorized to rescind the rule upon an application by them, and of course, to make an equitable reciprocity of advantage, they should do it for the surviving party.

*T. Ross* for the defendants answered that there had been several meetings during the life time of *Dunwoody*, and therefore the plaintiff had already derived the advantages which he contemplated in agreeing to the rule: that it was a general practice of this court to refuse to rescind a rule of reference after there had been a meeting of the parties; and that as the administrators had come in voluntarily without asking any favour, there was no equity in granting one to the plaintiff; though the act

cited appeared to regard no other privilege to the defendants than that of a continuance.

Per CURIAM. Rules of reference should not lightly be struck off, after a party has felt the pulse of the referees at a meeting, and concessions have been made which cannot be afterwards used. Upon the circumstances of this case we must continue the rule of reference. (a)

(a) Vid. Turner v. Cowper, Barnes 210.