## FREEBORN v. DENMAN.

The death of one of several plaintiffs in a cause referred by rule of Court to referees, is not a revocation of the authority of the referees. A suggestion of such death may be entered upon the record.

This cause was argued at November term last by *Scudder*, for the plaintiff in error, and *W. Chetwood*, for the defendant in error, and the opinion of the Court was now delivered by . .

EWING, C. J. The record brought up from the Inferior Court of Common Pleas of the county of Middlesex, by the writ of error in this cause, is in substance as follows :—

John Denman and Randolph Jaques declare against Thomas Freeborn, of June term, 1821, in the common counts, upon promises to them, for plough-timber sold and delivered, for goods wares and merchandizes sold and delivered, and for work and labor done. The defendant pleads the general issue. Continuances are entered to December term, 1821, at which term a reference of all matters in difference in the cause to three referees is made in the usual form, with power to report at the next or any subsequent term, and the report to be made a judgment. At September term, 1822, come as well the said John Denman as the said Thomas Freeborn, by their attorneys, and the said Randolph Jaques cometh not; and the referees return their report, made and signed 29th August, 1822, whereby they

find due to the said John Denman, the plaintiff, $72.72. "And thereupon the said John Denman gives the judges to be informed that after the last term," &c., "the said Randolph Jaques died and the said John Denman survived him, which allegation the said Thomas Freeborn doth not deny, but admits to be true; therefore let no further proceedings be had in this cause in the name of the said Randolph Jaques." Then follows an entry of judgment, in the usual form, in favor of the said John Denman against the said Thomas Freeborn for the sum mentioned in the said report with costs of increase.

The assignment of errors alleges the death of Randolph Jaques on the 15th day of August, 1822, before the making of the report, and there is a joinder in error in the common form.

The first objection on the part of the plaintiff in error is, that the referees proceeded and made a report in favor of one of the plaintiffs, after the death of the other, and before any suggestion was made or continuance, in the name of the survivor, ordered.

At common law the death of one of several plaintiffs is generally an abatement of the action, 2 *Saunders* 72, *i.* In the case which was chiefly relied on by the counsel of the plaintiff in error, *Spencer and Woodward* v. *The Earl of Rutland, Yelv.* 208, it was held that a writ of error abates by the death of one of the plaintiffs. The same doctrine was held in *Penoyer* v. *Brace,* 1 *Lord Raym.* 244. The cases of *Capel* v. *Saltonstall,* 3 *Mod.* 249, *and Wedgewood and others* v. *Bayley and others, Tho. Raym.* 463, are more analagous to the present, especially the latter which was an action of trover by five plaintiffs and before verdict one of them died; they proceeded to trial and a verdict was found for all the plaintiffs; then the plaintiffs suggest that one is dead and prayed a judgment for the rest, and had it. Upon a writ of error this judgment was reversed. But all these cases, that of Yelverton as well as the others, were decided

before the statute of the 8*th and* 9*th of William and Mary,* which enacted that, "if there be two or more plaintiffs or defendants, and one or more of them should die, if the cause of such action shall survive to the surviving plaintiff or plaintiffs or against the surviving defendant or defendants, the writ or action shall not be thereby abated; but such death being suggested upon the record, the action shall proceed, at the suit of the surviving plaintiff or plaintiffs against the surviving defendant or defendants." Our statute on the subject contains a similar proviso, *Rev. Laws* 164, *Sec.* 2. In a case therefore where, like the present, the right of action and the interest in the matter in controversy vest in the surviving plaintiff, where no new party to the record becomes necessary, where no new person becomes entitled or is to be charged, the suggestion since the statute is little, if any thing more than matter of form. It was so considered in the case of *Newerham and another* v. *Law* 5 *D. and E.* 577; of the two plaintiffs by whom the suit was brought one died in December, 1793, and in Hilary term afterwards, interlocutory and final judgments were signed in the name of both the plaintiffs—a ca. sa. issued in the name of both, and the defendant was taken into custody. He moved the court to set aside the interlocutory judgment and subsequent proceedings and to be discharged; the surviving plaintiff moved to amend by suggesting the death and altering the ca. sa. On the part of the defendant, it was insisted to be too late to enter the suggestion, but *Lord Kenyon* said, the plaintiff might have made the suggestion as a matter of course, and he ought now to be permitted to make the amendment; which was ordered to be done and without costs. This too was a case of judgment by default, where the defendant had therefore done no act giving the semblance of sanction to the proceedings on the part of the plaintiff. In the case before us, the defendant appeared before the referees, defended himself there and without a whisper of objection united in seeking their determination. He had

a day in court to object to their report; but declined, we must say, voluntarily declined and suffered judgment to be entered against him. In my opinion there is no ground in this respect for the reversal of the judgment.

The second objection urged on the part of the plaintiff in error is, that the death of one of the plaintiffs below revoked the submission, and that the subsequent proceedings were therefore erroneous and illegal. This objection is formidable because it attacks the substance, the authority of the referees. In support of it, the counsel has relied on the doctrine, that there may be an implied as well as an express revocation of a submission to arbitration, 1 *Bac. Abr.* 134, *Arbitr. and Award B;* and upon the cases of *Potts* v. *Ward,* 1 *Marshall* 336, and of *Toussaint* v. *Hartop,* 7 *Taunton* 571, in which it was held that the death of the defendant before the making of the award was a revocation of the authority of an arbitrator, acting under a submission by order at nisi prius, and where a verdict had been taken subject to the award—to these cases may be added, *Cooper* v. *Johnson,* 2 *Barn. and Alder.* 394, where a similar decision was made. But in the case stated of an implied revocation, by the marriage of a feme sole, an actual revocation was within the power of the party; and in the cases where the death was held a revocation, the party dying was the sole defendant, and not one of several defendants. No case was cited at the bar, nor have I found one, in the exercise of some diligence, where the death of one of several plaintiffs or defendants has been held to affect the power of the arbitrator. Nor can the effect of the death of the sole party be considered as entirely settled in Westminster Hall, for in the case of *Bower* v. *Taylor,* 7 *Taunton* 574, the Court of King's Bench refused to set aside an award made after the death of one of the parties where a verdict had been taken subject by an order of nisi prius to a reference, although a notice not to proceed in the reference had been given, by the

attorney of the plaintiff to the attorney of the defendant ; and judgment was entered up with a suggestion of the death of the party.

In the absence, then, of direct authority, and in this conflict of adjudged cases, we are to seek for principles on which the present question may be solved. A submission to arbitration by deed or by a parol may be revoked, but where several persons on the one side or the other submit, one of them, on either side, cannot, without the others, revoke the submission, 1 *Bac. abr.* 123, *tit. Arbit. and Award, Kyd on Awards* 16. A submission, by parol or by deed, may, by the party or parties of either side, be revoked even against the will of the other side ; but where a cause pending in court has been submitted, by rule of court, the parties cannot, in this state, rescind the rule and revoke the submission, without mutual consent. *Seamans and others* v. *Pharo and others,* 1 *South.* 123. The same point has been decided in Massachusetts, *Haskell* v. *Whitney,* 12 *Mass. Rep.* 47 ; and in Pennsylvania, *Pollock* v. *Hall,* 4 *Dall. Rep.* 222. *Same case,* 3 *Yeates,* 42. *Ruston* v. *The Administrators of Dunwoody,* 1 *Binney* 42. The mode of proceeding here, by reference, where an action is pending, is a creature of our own law and entirely unknown to the English courts. There, in case of submission by rule of court, even where a cause is pending, the mode of enforcing the report is by attachment only, unless where a reference has been made at nisi prius and a verdict taken subject to the report; and in such case the judgment is entered as upon a verdict, the verdict being made to conform to the report even by changing it, if need be, from the party for whom originally rendered to the opposite party : — but here no verdict is taken, and the judgment is rendered actually and formally, such being the provision of our statute, upon the report. So that the reference, the report and the judgment are, to all intents and purposes, a regular continuance of the action ; and it is expressly provided by our statute that where there

are two or more plaintiffs or defendants and one or more of them shall die, if the cause of action survive, the action shall not thereby be abated.

Inasmuch therefore as one of the several plaintiffs or defendants cannot without the others revoke a submission; inasmuch as one party without the consent of the other cannot rescind a rule of reference; inasmuch as the reference, report and judgment are with us the regular continuance of an action; and inasmuch as the death of one of several plaintiffs or defendants, where the cause of action survives, operates no abatement, there was in the case before us, by the death of Jaques, no revocation of the authority of the referees. In this respect then there is no error in the record.

In my opinion let the judgment be affirmed.