[PHILADELPHIA, JANUARY 12, 1835.]

## WOOD *against* EARL.

### IN ERROR.

An award of referees finding a certain sum to be due to the plaintiff, on a certain day between the date of the submission, and the time of finding the award, "exclusive of the outstanding debts on the books of *C. E.* (the defendant,) arising from sales of the produce of Milville Furnace," is certain and final to a common intent, and therefore good.

THIS was a writ of error to the District Court, for the City and County of Philadelphia, in an amicable action, in which *David C. Wood*, the plaintiff in error was plaintiff, and the defendant in error, *Clayton Earl*, defendant.

It was submitted to referees under the act of 1705, by an agreement dated July 25th, 1821, and filed August 6th, of the same year.

(Wood *v.* Earl.)

On the 6th of December, 1826, the referees filed their report, in the following words:

" We the undersigned, having heard the parties, examined their accounts and vouchers, do award to *David C. Wood*, plaintiff, one hundred and nineteen dollars and seventy-two cents, due on the 19th of sixth month, (June) last, exclusive of the outstanding debts on the books of *Clayton Earl*, arising from sales of the produce of Milville Furnace.

" Philadelphia, 11th mo. 28th, 1826."

Sixteen exceptions to the report were filed in the court below, by whom they were all dismissed, and judgment entered on the report.

The following exceptions only, were insisted on in this court:

1st. The referees erred in reporting the amount due, upon the 19th of June last, which was not the subject submitted to them, and the award is neither certain nor final.

2d. The referees erred in reporting the sum due, "exclusive of outstanding debts," without designating those debts, or signifying to whom they should belong.

3d. The referees erred in making an award, which was neither certain nor conclusive in its character.

*Rawle, Jun.* and *J. R. Ingersoll,* (with whom was *D. P. Brown,*) for the plaintiff in error.

*W. Smith* and *Chauncey,* for the defendant in error.

PER CURIAM.–Were the precise point in *Young* v. *Reuben,* 1 *Dall.* 119. now before us, that case would not be recognized as a precedent. There has been since its day, a progressive liberality in the interpretation of awards, which has placed them on a level with other writings. But the award here is of a sum presently due, the reference to a day past evidently being for purposes of calculation. As to the supposed reservation of debts due on the books, that was evidently to show that the manager was not charged with them, and that they were to be collected by the owner of the works for his own use. The award was therefore certain and final, to a common intent.

Judgment affirmed.