# Pennington *against* Bowman.

Parties submitted, under their hands and seals, all disputes to the final award of referees, as if under the act of 21st March 1806, to be as final as a *verdict* of a jury conformably thereto: and the referees awarded, under their hands and seals, that one party should pay the other a sum of money with costs of suit: that the party thus ordered to pay, should have two crops yet off the field he cleared on the hill, and he should give up the peaceable possession of the farm, which he then had, to the other party, on a certain day. The award was given to one of the parties, who filed it in the prothonotary's office, with an affidavit of one of the subscribing witnesses to the submission, and the award was entered on record by the prothonotary, as in an amicable action: *Held*, that the proceedings were not within the provisions of the act of March 21, 1806.

*It seems* that the act of March 21, 1806, regulating arbitrations, is not repealed by the act of June 16, 1836, on that subject.

ERROR to the common pleas of *Venango* county.

Various matters of dispute and controversy having arisen between Andrew Bowman and Simon Pennington, the parties in this case, they, by their agreement in writing, executed under their hands and seals, dated the 8th day of March 1839, submitted, "all disputes and controversies that then existed between them, to the final award of Henry Homan, W. W. Shaw, and Edward Sweaney;" agreeing expressly thereby, that their reference to the arbitrators, and all the proceedings had in pursuance thereof, should be considered as had

under the act of assembly passed March 21, 1806, entitled, " An act to regulate arbitrations and proceedings in courts of justice:" that the arbitrators, in pursuance of the submission, " were to adjust, liquidate, and settle all controversies, quarrels, contracts, accounts, leases, either written or parol, notes, judgments, bonds and rents, and that their award should be final and conclusive between them, as much so as a *verdict* of a jury in conformity with the provisions of the act of assembly referred to;" and for the performance of their agreement, they bound themselves to each other, in the penalty of 1000 dollars.   The arbitrators, in pursuance of the submission, after hearing the parties, on the 21st day of March, 1839, made an award in writing, under their hands and seals, " that Simon Pennington should pay to Andrew Bowman, 193 dollars and 24 cents, with costs of suit; that said Simon Pennington should have two crops yet off the field he cleared on the hill; and that the said Simon should give up peaceable possession of the farm, which he then had, to the said Andrew on the 1st day of April then next ensuing."   This award was delivered by the arbitrators to Bowman with the agreement of submission, who, after procuring an affidavit of one of the subscribing witnesses to the agreement, that the latter was duly executed by the parties, on the 23d of March, 1839, delivered both to the prothonotary, who thereupon filed the same in his office, and entered the award on record, in an amicable action, making Bowman the plaintiff and Pennington the defendant.   On the 27th of April 1839, Pennington, by his counsel, filed the following exceptions, to wit:—

1. The arbitrators exceeded the power given them by the agreement.

2. The award is not mutual and certain; nor conclusive between the parties; and awards to the defendant what can not be carried into effect by legal process without resort to future litigation.

The court below, after argument, dismissed the exceptions, upon which Pennington sued out his writ of error, removing the cause into the supreme court.

*Galbreath*, for plaintiff in error, referred to the act of assembly of *June* 16, 1836, as also the act of *March* 21, 1806, and cited 3 *Penn. Rep.* 270.

*Howe* and *Pearson*, for defendant in error, cited 1 *Dall.* 364; 8 *Watts* 424.

The opinion of the court was delivered by

KENNEDY, J.—We can not say that the first exception has been sustained; for it is perhaps more than probable, from the terms of the submission, that every thing, upon which the arbitrators have awarded, was intended by the parties to be submitted to them.   The great difficulty arises under the second exception.   It was said in

[Pennington v. Bowman.]

the argument, by the counsel for the plaintiff in error, that the act of assembly, under which the agreement of submission is declared by the parties on its face to be made, was repealed by the act of the 16th of June 1836; and consequently, not being in force at the time the award was made in pursuance of the submission, could not have been entered on the record of the court below in the manner it has, so as to give it the efficacy of a judgment entered there upon the verdict of a jury, as declared by the act. It may possibly be, that the act of 1836 was intended to supply the act of 1806, as also all prior acts in relation to referring of causes, or matters in dispute between parties, to the award of arbitrators, but it is far from being clear, that the last mentioned of these two acts was repealed by the first. It is, however, unnecessary to decide this question here, as we are of opinion, that under the provisions of the act of 1806, admitting it to have been in full force at the time of the submission, the award made by the arbitrators, cannot be considered as made in conformity to the act, because it can not "have the *same effect* and be *recovered* in the *same manner* as a *judgment* entered *by the court* on the *verdict* of a jury," according to the express provision of the act in this particular. The objection to the award on this ground is, that it contains a provision in favour of Pennington, that he shall have two crops off the field on the hill; and although the payment of the money, awarded to be paid by him to Bowman, may be enforced by an execution against him, as in the case of a judgment entered by the court on the verdict of a jury, yet he cannot by the same means have his two crops secured to him, after he shall have given up the possession of the farm according to the award, of which it appears that the "field on the hill," forms a part. In short, by the award, mutual acts or rights were either to be performed, or conceded by the parties respectively for the benefit of each other, which a jury could not require by their verdict; or if they did, it would have to be set aside for want of means or power on the part of the court to have it carried into effect. An execution can only be issued in favour of one of the parties upon a judgment rendered by the court on the verdict of a jury; and this is the only mode which the court has of enforcing such judgment. The verdict of a jury, though approved by the court, cannot be carried into effect by means of an attachment, as an award of arbitrators made under a rule of court at common law may. Such a thing was never heard of. Coleman *v.* Lukins, 4 *Whart.* 347. The counsel for the defendant in error, cited and relied on the case of Kunkle *v.* Kunkle, 1 *Dall.* 364, but it is not applicable to the present case. There the award was made in pursuance of a rule of court entered by the consent of the parties under the authority of the common law, and not under the act of 1705, as was suggested. It is true it is not stated in the report of the case, that the rule of reference was so entered, nor was this necessary in order to make it so; neither is it stated to have been

x.—z

entered under the act of 1705. But it is reasonable to infer, that president Shippen would not have approved the award, as he did, if the rule had been regarded as entered under the act of 1705, because in a previous case, Buckly *v.* Durant, 1 *Dall.* 130, where the rule was treated as if entered under the act, he inclined to the opinion that the award was bad, because it required mutual acts to be done by the parties. The case of Ralston *v.* Stewart, cited by the counsel in Buckly *v.* Durant, and by president Shippen in Kunkle *v.* Kunkle, must, in the absence of all evidence to the contrary, be considered as having been an award under a rule of court, at common law. I indeed think, that I am warranted in saying, that there is no reported case to be found, in which it was held, that a judgment could be entered upon a report of arbitrators under the act of 1705, awarding acts to be performed by each of the parties for the benefit of the other. The act of 1806, it is true, does not expressly require, that the award shall be approved by the court, as the act of 1705 does, yet according to the express declaration of the act of 1806, the award "shall have the *same effect* and be *recovered* in the *same manner* as a *judgment entered by the court on the verdict of a jury.*" Hence, if the award be such as can not be made to have the *same effect*, and cannot be *recovered* in the *same manner* as a *judgment of the court entered on the verdict of a jury*, the fair, if not inevitable conclusion seems to be, that it is not such an award as is contemplated and provided for by the act. This conclusion is strengthened also by the direction in the act, that the arbitrators shall deliver the award to the person in *whose favour* it shall be made. Thus indicating strongly, that it is only when the award is altogether in favour of *one* of the parties, that it is to be delivered, as directed by the act, to him for the purpose of being entered on the records of the court as a judgment. But if it be in favour of both parties, that is, requiring each to perform some specified act, or to grant or allow some specified privilege or right of enjoyment, for the benefit of the other, it can not be delivered to either according to the letter of the act, nor yet, as I apprehend, according to the true meaning of it: and most clearly can not be recovered in the same manner, as a judgment entered by the court on the verdict of a jury. And for this reason, upon similar ground, in the case of Coleman *v.* Lukins, 4 *Whart.* 347, an award made by referees, appointed under the sixth section of the act of the 16th of June 1836, requiring that the note on which the suit was brought, should be cancelled, that the defendant should pay a certain sum of money for a certain portion of the iron used by her, for the price of which the note was given; but should return the residue, it not being of the quality contracted for, was set aside by this court, because it could not be carried into effect or enforced by execution in conformity to the act, which declared that, " the party in whose favour such report should be made, whether for plaintiff or defendant, should have judgment thereon, and the *like*

*process* for the *recovery thereof,* as on a *verdict* in an action commenced by such party." This last cited case may with propriety be said to rule the present, because the acts of 1806 and 1836 in this particular, though a slight verbal difference in the phraseology appears, are, notwithstanding, substantially the same. It may be that the award in this case is good at common law, and such as may be enforced by either party against the other, by an action on the agreement of submission for the penalty; but of this we give no opinion; we only decide, that it is not such as Bowman had a right to have entered on the records of the court, because it could not be recovered and carried into effect, in the same manner as a judgment of the said court on the verdict of a jury. The order of the court below dismissing the exceptions taken and filed to the award, is reversed, and the entry and record made of the award, ordered to be stricken out and vacated.

Judgment reversed.