Decided 26 June, 1899.

**PARLIN *v.* BARNETT.**

[57 Pac. 625.]

FORM OF VERDICT.—A verdict which allows a part of defendant's counterclaim in an action for goods sold and delivered, and directs him to return all unsold goods in his possession to the plaintiff, is void, and the court has no authority to reject as surplusage the direction for a return of the goods and enter a money judgment for defendant for the amount allowed him by the verdict.

From Sherman :   W. L. BRADSHAW, Judge.

This is an appeal by the Parlin & Orendorff Company, a corporation, from a judgment of $52.50 rendered against it in favor of W. M. Barnett. It is alleged in the complaint that the plaintiff corporation sold and delivered to Barnett goods, wares and merchandise of the agreed value of $642.75, on account of which he paid the sum of $519.30, leaving a balance due of $123.45, which it sought to recover. The defendant, after denying the material allegations of the complaint, avers that he entered into a contract with plaintiff whereby it agreed

to deliver such goods as he might order from time to time, at wholesale prices, to be sold within certain assigned territory ; that, in pursuance of said contract, plaintiff delivered to him agricultural implements at the wholesale price of $565.75 only, on account of which he had paid $519.30 ; that plaintiff also delivered to him a cultivator invoiced at $27.50, under an agreement that, if it could not be sold, it should remain the property of plaintiff, and he was not to be charged therewith ; that he was unable, after a reasonable effort, to sell the same, but that he had sold all other implements so delivered, and paid for the same prior to the commencement of this action ; that, according to the terms of said contract, he canvassed the territory agreed upon, and negotiated the sale of certain goods which he ordered, but which plaintiff refused to ship, in consequence of which he has been damaged in the sum of $180, and prays that his claim therefor be offset against plaintiff's demand, and that he have judgment for the sum of $133.85. The reply having put in issue the allegations of new matter in the answer, a trial was had, and the jury returned the following verdict : "We, the jury impaneled to try the issues in the above-entitled cause between plaintiff and defendant, find for the defendant, and assess his damages at $52.50. All unsold goods in possession of defendant to be returned to the plaintiff, at Wasco." The court, having denied plaintiff's motion to set aside the verdict and to grant a new trial, rejected the finding of the jury with reference to the return of the goods, and rendered judgment for the damages only, whereupon the plaintiff corporation appealed.    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Fred W. Wilson.*

For respondent there was a brief and an oral argument by *Mr. C. J. Bright.*

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

It is contended by plaintiff's counsel that the jury, having required plaintiff to pay a certain sum of money and the defendant to return an indefinite quantity of goods, enjoined upon the parties mutual conditions which were impossible of enforcement in the action, thereby rendering their verdict void, and that the court, having rejected the finding as to the return of the goods, erred in rendering the judgment complained of. The only issue as to the sale of the goods relates to the cultivator, valued at $27.50, notwithstanding which the bill of exceptions discloses that testimony was introduced tending to show that defendant had in his possession, of the goods which he had so received, "plowshares, 3d attachment, of the value of $49.50," which plaintiff also agreed to take back. If the jury intended that defendant, upon returning the cultivator and the plowshares, valued at $77, should be entitled to receive from plaintiff the sum of $52.50 on account of the damage he had sustained, then, by the court's action in rejecting the special finding, he practically obtained a judgment for the sum of $129.50, but, if he were to keep these goods, judgment should have been rendered against him for the sum of $24.50; so that, in any event, the judgment is radically wrong. In *Glass* v. *Blair*, 4 Pa. St. 196, plaintiff having commenced an action in a justice's court to recover on a promissory note, the defendant alleged that the consideration of the note was a worthless machine. On appeal the pleas were payment and set-off, and the jury, having found for the defendant, certified "a balance due to defendant, exclusive of the note not now offered against

defendant, and plaintiff to receive back the machine."
Judgment having been rendered on the verdict, Mr.
Justice ROGERS, speaking for the court in reversing it,
says : "It is an insurmountable objection to the verdict
that there is no means of compelling its performance; for,
if the defendant refuses to deliver the machine, which is
an essential part of the verdict, there is no means to com-
pel him, as an attachment—the only known process—
will not lie.   His only remedy would be by suit, on the
ground of a rescission of the contract ; and thus the ver-
dict, which is intended to end the controversy, would be
but the commencement or foundation of another action :
*Pennington* v. *Bowman*, 10 Watts, 285.   But it is said the
exceptionable part may be rejected as surplusage ; but
that this cannot be done is ruled in *Shoemaker* v. *Meyer*,
4 Serg. & R. 455, as this would be taking an unwarrant-
able liberty with the finding of the jury, and would sub-
vert their whole intention.   It would be an act of in-
justice to the plaintiff, as we cannot avoid seeing that
the verdict is rendered in this form only on 'the condi-
tion that the machine is returned to the seller."

In *Bruck* v. *Mausbury*, 102 Pa. St. 35, an action was
instituted to recover the price agreed to be paid for con-
structing a sawmill.   The defense was that the mill had
not been constructed in conformity with the contract,
and, a trial being had, the jury found for plaintiff in
the sum of $246.66, adding to the verdict the following
clause : "And the plaintiff to complete the job according
to contract."  Upon this verdict, judgment was rendered,
in reversing which the court say : "The jury evidently
considered it a matter of substance,—something to be
done by the plaintiff in fulfillment of his contract, and
as part consideration, at least, of the sum found in his
favor.   The only inference that can be fairly drawn from
the language of the jury is that they were satisfied plain-

tiff had not fulfilled his contract, and that he was still bound to complete it. Hence it could not be treated as surplusage without disregarding the intention of the jury, and thereby doing injustice to the defendant.'' In *McFall* v. *Smith*, 32 Ill. App. 463, it is held that, where questions not properly arising upon the evidence are so mingled before the jury with the real issue in the case as to render it doubtful upon what ground the verdict is based, it should be set aside.

It is maintained by defendant's counsel that plaintiff could have moved to have the jury sent out to correct their findings, but, not having availed itself of that opportunity, it is too late to complain of the action of the court, after the verdict has been recorded and the jury discharged. However this may be, the transcript fails to show that plaintiff's counsel was present on that occasion, and no presumption can be indulged in that respect. But, if it appeared that he was in attendance upon the court at that time, the duty of correcting the verdict did not devolve upon him; for, the findings of the jury being against his client's interests, he was not obliged to see that the verdict was sufficient to support a judgment.

The verdict in the case at bar, having required the performance of mutual acts on the part of plaintiff and defendant, which could not be enforced in the action, is void: 28 Am. & Eng. Enc. Law (1 ed.), 265. It is impossible to treat the finding of the jury in respect to the return of the goods as surplusage, and reach the conclusion which their verdict imparts; and, the court having erred in receiving the verdict, the judgment predicated thereon is reversed, and a new trial ordered.

REVERSED.