## Welty *against* Zentmyer.

Upon an agreement between the parties to refer all matters in variance, in several suits, to three referees, whose award shall be final, an award made by two of the three is bad ; notwithstanding the record sent to the referees by the prothonotary, authorized a report to be made by a majority.

ERROR to the common pleas of *Franklin* county.

This was an action of slander, by David Zentmyer against John Welty, in which the following agreement was made by the parties, and filed with the record.

" It is hereby agreed by the parties in this cause, that all proceedings heretofore had in Franklin county, in two different suits, in the court aforesaid, there pending, brought by said Zentmyer against said Welty, as also the proceedings in the court of common pleas in

[Welty v. Zentmyer.]          ◀

Washington county, in a certain case of attachment brought by said Welty against Zentmyer, are to be stayed; as it is hereby further agreed, that all matters in variance between the parties, including as well the causes of action in the aforementioned suits as every thing else in controversy between the parties, is to be finally and conclusively adjusted, without the right of appeal to either, by reference to three arbitrators, this day chosen by the parties; viz. James Reilly, Esq., William Cooper and Abraham Row. The costs which have already accrued on the various suits alluded to, are to be taxed in this suit, and paid by the losing party. Witness the hands and seals of the parties aforesaid, this 12th November 1834.

" If the arbitrators shall find any thing to be due to defendant, an award is to be made by them in favour of defendant, under the act of 1705, to be entered accordingly, and to be collected under the provisions of said act. Arbitrators to meet, on Thursday the 18th of December 1834, at the house of Michael Stoner, in Waynesburg, at 2 o'clock, P. M."

Whereupon the prothonotary made out the following rule of reference, and delivered a copy of it to each of the parties:

" Agreeably to an act of assembly, entitled an act supplementary to an act entitled an act to regulate arbitrations and proceedings in courts of justice, passed the 29th day of March 1810, all matters in variance in this suit, between the parties, are referred to James Reilly, Abraham Row and Alexander Hamilton, arbitrators chosen by the parties; who are to meet at the house of Michael Stoner, in the borough of Chambersburg, in said county, on Thursday the 18th day of December next, at 2 o'clock in the afternoon of said day; and they, or a majority of them, or such other persons as may be substituted in pursuance of said act, are to make report of their determination into the prothonotary's office, at Chambersburg, within seven days after they shall have agreed on the same. The said arbitrators receiving fifteen days' previous notice of the time and place appointed for the meeting.

"John Flanagan, Prothonotary.

" Prothonotary's office, Chambersburg, November 12th, 1834."

The parties appeared before the referees and tried their cause, and a report was made and signed by two of the referees, in favour of the plaintiff. Exceptions were filed to the report; but they were overruled by the court below, (Thompson, president, dissenting) and judgment rendered for the plaintiff, on the award. The only error insisted on was, that the award was signed but by two of the referees.

*Crawford*, for plaintiff in error, cited, Large *v.* Passmore, 5 *Serg. & Rawle* 52; Austin *v.* Snow, 2 *Dall.* 157; Duer *v.* Boyd, 1 *Serg. & Rawle* 203; Todd *v.* Rough, 10 *Serg. & Rawle* 18; Bachman *v.* Reigart, 3 *Penns. Rep.* 270; Russell *v.* Gray, 6 *Serg. & Rawle* 145; Rea *v.* Gibbons, 7 *Serg. & Rawle* 204; Stanton *v.* Henry, 11 *Johns.* 133; *Cro. Jac.* 277; *Kyd on Awards* 57.

[Welty v. Zentmyer.]

*Denny* and *Findlay,* for defendant in error, cited, 2 *Conn. Rep.* 217; 8 *Co. Rep.* 82; 2 *Brownl.* 290; Harris *v.* Hays, 6 *Binn.* 422.

PER CURIAM.—The report being by two, while the submission is to three, is erroneous, if it be not helped by subsequent acts of the parties. The rule issued by the prothonotary, purports to delegate the power of making an award, to the majority; which, transcending the power delegated by the parties, is void for the excess. The prothonotary made out copies for both parties; and if both acted on it with a knowledge of the contents, they would be bound by the event, as confirmation is equivalent to an original authority. That, however, is not to be presumed, as they were not bound to suspect a mistake in the formal, or perhaps any other part of the rule; and having gone to a hearing without a knowledge of the defect, they are not bound by it.

Judgment reversed.