1 WS 257
215　　450

## Okison *against* Flickinger.

The parties to an action pending in court, by a writing under their hands and seals, agreed to refer it to three referees, and bound themselves in the penalty of one hundred dollars to abide by the award; the referees heard the parties, and two of them made an award for the plaintiff, upon which the court entered judgment. *Held,* that the award could not be supported under the Act of 1806, the reference not having been made a rule of court; nor under the Act of 1836, having been made but by two of the referees.

ERROR to the Common Pleas of *Huntingdon* county.

William Okison and John Flickinger being the parties in interest in two suits pending in court, entered into the following agreement:

Robert Barr
　　　*v.*　　　　}　　In the Common Pleas of Huntingdon county.
John Campbell.

&

William Okison　　　"We, the undersigned, parties to the within
　　*v.*　　　　　　suits, this day agree to refer the within suits
John Flickinger.　　to Judge Junkins, Major John Zimmerman, of
　　　　　　　　　Perry county, and Michael Bushy, of Juniata county, to meet at the house of Nicholas Ickes, in Ickesburg, Perry county, on the 17th day of August next. And we agree and bind ourselves in the sum of one hundred dollars, lawful money of Pennsylvania, to agree to whatever award the above referees report, and to be final for ever. In testimony whereof, we set our hands and seals this 11th June 1838.

"Test.　　　　　　　　　"WILLIAM OKISON.　　[SEAL.]
　　　　　　　　　　　　"JOHN FLICKINGER.　　[SEAL.]
"*James Hughes.*"

Two of the referees made the following report: Robert Elliott having been substituted for John Junkins by consent of the parties:

"Now, March 1st 1839, arbitrators being met agreeably to adjournment, viz: Robert Elliott, John Zimmerman, and Michael Bushy, and having deliberately considered the proofs and obligations of the parties in the case of William Okison *v.* John Flickinger, named in the foregoing rule, and also in a suit styled Robert Barr *v.* John Campbell, stated by the parties in interest to be entered in the Court of Common Pleas of Huntingdon county, and submitted to as shown by an article of agreement signed by them, and attached to this rule; in the first-named suit, viz: Okison *v.* Flickinger, we award for the plaintiff the sum of eighteen dollars; and in that of Barr *v.* Campbell, we award for the plaintiff

I. — 33　　　　　　w *

[Okison v. Flickinger.]

the sum of seventy-five dollars, each party to pay one half the costs. Given under our hands, the day and year above written.

"Robert Elliott,
"John Zimmerman."

Rule of reference and agreement and award filed the 6th March 1839. 9th April 1839, read and confirmed *nisi* by court.

The plaintiff, by his attorney, filed the following exceptions to the within award on the 15th January 1840.

1. The submission is to the referees, and the award is only by two of them : therefore, the award is not made according to the submission.

The court below was of opinion that the exceptions were not filed in time, and therefore dismissed them.

*Blanchard*, for plaintiff in error, cited 6 *Serg. & Rawle* 145 ; 4 *Watts* 75 ; 9 *Watts* 472 ; 1 *Bac. Ab.* 211, *Tit. Award.*

*Bell*, for defendant in error, cited 4 *Rawle* 299.

The opinion of the Court was delivered by

Sergeant, J.—Could the award in this case be supported under the Act of 1806, or the Act of 1836, it would be the duty of the court to confirm it, and they would give the Act an enlarged interpretation to effect the object. But it cannot be brought within the purview of the Act of 1806, because that act requires that the parties shall agree that their submission be made a rule of court ; which is not done here, but, on the contrary, the parties bind themselves under a penalty to abide by the award, which rather leads to a contrary inference. The authority to make the reference a rule of court should appear either expressly or by plain implication.

Then, although the submission might be good according to the usual practice, under the old Act of 1705, (which the Act of 1836 has re-enacted) yet the award is bad, being made by only two of the arbitrators, when the reference was to three. It, therefore, falls within the principle decided in *Welty* v. *Zentmyer*, (4 *Watts* 75.)

Judgment on the award reversed, and case remitted for further proceedings.