## Steele *versus* Lineberger *et al.*

43    308
f37SC  253

1. An award in a reference under the 6th section of the Act of June 16th 1836 (Arbitration), has not the effect of judgment unless approved by the court and judgment entered on it.

2. The Act of March 21st 1806, relating to arbitrations, is supplied by the Act of 1836.

3. A judgment against an administrator is conclusive as to personal estate; but primâ facie as to real estate.

4. Heirs and devisees may question any item included in a judgment against an administrator.

October 30th 1868. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Armstrong county* : No. 80, to October and November Term 1868.

This was a scire facias, issued April 9th 1867, " to revive judgment No. 8, December Term 1866, and continue its lien *et quare executio non.*" The plaintiff in the scire facias was Mary A. Steele and the defendants A. L. Campbell, administrator of Han-

[Steele v. Lineberger.]

nah Hile, deceased, with notice to Margaret Hile, S. C. Steele and Phebe B. Steele his wife, George Hindman and Nancy Hindman his wife, Jacob Snow, John Lineberger and Mary A. Lineberger his wife, Thomas Snow, Peter Hile, John Hile, Susan Delaney, Isaac B. Steele and Phebe Steele his wife. The defendants, except the administrator, were the heirs and the alienees of the heirs of Hannah Hile, deceased. On the 4th of June 1868, on motion of the counsel with the plaintiff, judgment was entered by the court, for want of an appearance, against the administrator, George and Nancy Hindman, Jacob Snow, John Hile, Susan Delaney, Isaac B. Steele and Phebe Steele.

The jury was sworn June 4th 1868, between the plaintiff and John and Mary A. Lineberger his wife, in her right, John Lineberger being also alienee of Peter Hile, and S. C. Steele and Phebe B. Steele. The same day the defendants pleaded *nul tiel record*.

On the trial before Buffington, P. J., the plaintiff gave in evidence the record of an action of assumpsit between Mary A. Steele, the plaintiff in the scire facias, and A. L. Campbell, administrator, &c., of Hannah Hile, deceased, and submission to J. W. Rohrer as referee of " all matters arising in this case to his decision and determination ; his award in writing to be final and conclusive."

The referee reported in favor of the plaintiff the sum of $1738.27 ; the award was filed, but never approved by the court, nor was any judgment entered on it.

The court entered a judgment in favor of the defendants in the scire facias on the plea of *nul tiel record*.

The entering judgment was assigned for error on the removal of the case to the Supreme Court.

*Golden* and *Neale,* for plaintiff in error.—Peters's Appeal, 2 Wright 239 ; Acts of March 21st 1806, §§ 1, 2, 4 Sm. Laws 326, Purd. 52, pl. 9, 10 ; June 16th 1836, Pamph. L. 717, Purd. 52, et seq. ; Okison v. Flickinger, 1 W. & S. 257 ; McAdams v. Stillwell, 1 Harris 96 ; Ford v. McKeen, Id. 179 ; Buckman v. Davis, 4 Casey 211 ; Hays v. Commonwealth, 3 Id. 272 ; Wall v. Fife, 1 Wright 395 ; Zeigler v. Zeigler, 2 S. & R. 286 ; McPherson v. Hamilton, 2 Yeates 40 ; Graham v. Graham, 2 Jones 128 ; Whitehill v. Whitehill, 17 S. & R. 295 ; Summerville v. Painter, 8 Wright 110 ; Henneigh v. Kramer, 14 Id. 530 ; Paul v. Cunningham, 9 Barr 106 ; Christman v. Moran, Id. 487 ; McCahan v. Reamy, 9 Casey 535 ; Pennington v. Bowman, 10 Watts 286. The award is good until reversed : Wall v. Fife, 1 Wright 394 ; Remington v. Morris, 2 Grant 457 ; Robinson v. Bickley, 6 Casey 384 ; Wynn v. Bellas, 10 Id. 160 ; Trustees v. Guthrie,

7 Harris 418; Bemus *v*. Clark, 5 Casey 251; O'Donnell *v*.
Lynch, 1 W. & S. 283.

*J. Gilpin* and *J. Boggs*, for defendants in error, referred to the
Acts of Assembly above mentioned.     The award should have
been approved by the court: Stephens's Appeal, 2 Wright 13;
Benjamin *v*. Benjamin, 5 W. & S. 563.     They also examined and
criticised the authorities cited by the plaintiff in error.     The
heirs have a right to dispute a judgment against the administrator:
Atherton *v*. Atherton, 2 Barr 113; McCahan *v*. Reamy, 9 Casey
535; Peterson *v*. Lothrop, 10 Id. 227.

The opinion of the court was delivered, January 4th 1869, by
THOMPSON, C. J.—The object of the scire facias in this case
was to revive an alleged judgment obtained against the adminis-
trator of Hannah Hile, deceased, under a submission and an award
of a referee, against the heirs of the decedent and their alienees,
so as to charge the real estate of which the decedent died seised.
Judgment was taken against the administrator and some of the
heirs for want of appearance; but the defendants in error, heirs
and alienees, took defence, and pleaded *nul tiel record*.     After
argument the court sustained the plea, and entered judgment for
the defendants.

There was an action pending when the agreement to submit the
case to reference was entered into, and the record contains a note
of the submission, and the choice of the referee, and his award in
favor of the plaintiff, but no judgment appears to have been
entered thereon.     The question on this state of the record in the
court below, was, whether the award was to be regarded as having
the effect of a judgment, without a formal entry of judgment
upon it, under any of the provisions of the Arbitration Act in
force.     In rendering judgment for the defendants, it is evident
the court thought it had not.

We do not accord with the position earnestly and ably urged
by the counsel for the plaintiff in error, that the submission in
the case must be regarded as under the compulsory arbitration
provisions of the Act of 1836.     It is enough on this point to say,
that the submission, the choice of the referee, and time of meet-
ing, were all amicable and voluntary, without a single require-
ment performed according to the provisions regulating compul-
sory arbitrations.     It would utterly destroy the distinctions
thought beneficial, in the act, between the various modes of refer-
ence, to carry this voluntary reference into the compulsory class.
We cannot so do.

As already said, this was the case of a reference in a pending
action, and if it is to be regarded as under the 6th section of the
Act of 16th June 1836, then the award would not have the effect

[Steele *v.* Lineberger.]

of a judgment, unless approved by the court, and judgment entered thereon. This is expressly required by the section, but was entirely omitted in the case. The plea was therefore properly sustained, so far as this act is concerned. Had it appeared by the record that a motion for judgment on the award *nunc pro tunc* had been made before, or even at, the trial, we would expect very good reasons to have been given for its refusal, before we would have felt inclined to approve of it; but such a motion does not appear. For all the purposes of this action, we think this might have been proper, unless there were defects in the proceedings not disclosed, in the case as it appears before us.

But it was claimed on argument, that the award may be sustained under the Act of 21st March 1806. Even if this were conceded, something preliminary to the award having the effect of a judgment, must appear to have been done by the party in whose favor it was made, namely, to serve a copy thereof on the adverse party, when, if no exception were filed within the time limited in the act, then it would come to have the effect of a judgment for all purposes. No trace of such preliminary action appears by the record in the case.

But is this act in force? A note to the 1st section of it by Mr. Brightly, who retains as in force the first three sections, says, "This act is not supplied by the revised Act of 1836: 1 W. & S. 257." The case referred to as authority for this is Okison *v.* Flickinger. Notwithstanding the acknowledged accuracy of the author of the Digest, I think he is mistaken in supposing the case referred to sustains his note. While it is true that Mr. Justice Sergeant, used language in his short opinion in the case, which looks like an assent to what is claimed, yet it is not a decision that the act was not supplied. It had been claimed as here, that the award was sustainable either under the Act of 1836, or under that of 1806. The argument of the learned judge went only so far as to show that it was sustainable under neither. It met the premises assumed, with a satisfactory answer, without denying them. This is all that is in that case; and from this it appears to me the error of the existence of that act has arisen. The 6th section of the Act of 1836, provides for the reference of causes in actions pending, just as did the 2d section of the Act of 1806, and the only difference between the acts as to the award, is, that in the former, it is to be approved by the court, and judgment entered thereon, in the latter, it is to have the effect of a judgment, if not *disapproved* on exceptions filed, after notice of the award. The importance of having but one rule to give effect to voluntary arbitraments in actions pending, must strike every one. To hold to the rule of both acts, is to create uncertainty and confusion as to which is the true rule, or whether there is a *rule* at all on the subject.

[Steele *v.* Lineberger.]

In the explanatory remarks of the revisers, accompanying the report of the Arbitration and Reference Act of the 16th June 1836, after noticing the provisions of previous reference and arbitration acts in force in this Commonwealth, viz., the statute of 9 & 10 W. III., ch. 15, the Acts of 1705, 1806 and 1810, they say, " There seems nothing, therefore, in the Act of 1806 which requires *its continuance as a distinct system,*" and then they go on to say, " The first two sections (of the Act of 1836) are taken from the statute of 9 & 10 Wm. III. ch. 15, § 1, which has been in force in this state, it is believed, from the time of its passage." These sections relate to cases of reference where, at the time of submission, no action is pending. Passing by their remarks on sections 3, 4 and 5, we find as to section 6, they merely say it is " from the Act of 1705." Section 7, they say, " contains a general rule, which we think will be found convenient in *all* cases of voluntary reference." It is very clear, therefore, that the revisers intended to supply the Act of 1806, by the provisions of the Act of 1836, and it is very certain that the legislature adopted all the provisions they reported, having that object in view. See Parke & Johns. Dig., vol. 2, pp. 482 and 706.

I believe I have examined all the reported cases of references since the Act of 16th June 1836; and although the Act of 1806 is often spoken of as if it still existed, yet it is usually, if closely observed, only by way of illustration of proceedings under the Act of 1836. It has in no case been held by this court to be in force as a distinct system. In Pennington *v.* Bowman, 10 Watts 283, Kennedy, J., said, " that in the particular of the effect of the submission and award, under the Acts of 1806 and 1836, there was but a slight verbal difference." This is undoubtedly true. Why, therefore, shall it be maintained that the latter did not supply the former of these acts ? There is no good and sufficient reason for it that I can conceive of, and we hold that it did. These views serve further to show that the court below was right in holding as it did, that the award in favor of the plaintiff in error, was under the 6th section of Act of 1836, and not being approved and judgment thereon entered, did not sustain the sci. fa.

But is there not now a judgment on the award against the administrator, upon which a sci. fa. might issue to bring in the heirs ? A sci. fa. is in substance a rule to show cause, although it is technically a writ; would not its service on the administrator be equivalent to a service of the copy of the award on him ? He being the only party to the submission, and having full authority to make it, as we held in Peters's Appeal, 2 Wright 239, was the proper party to be served with the copy of the award, and was not this effectually done in serving the sci. fa. on him ?

These questions we do not now determine. They are for the

[Steele v. Lineberger.]

consideration of the plaintiff in error, and for her to determine whether or not there is a judgment now on the award against this administrator.     Some misapprehension as to the effect of the judgment against the administrator seems to have pervaded the minds of the counsel for the defendants in error.     It is conclusive as to the personal estate, but only primâ facie as to the realty. Heirs and devisees have a right to a day in court before their interests can be affected by a judgment against the administrator, and they may question and disprove any and every item included in or constituting the judgment against the administrator, if they can ; so that in fact, the only importance of the judgment against the administrator, so far as an interest in the realty is concerned, is, that it is primâ facie evidence of a debt due by the estate, and the foundation for a proceeding to try whether or not the realty is chargeable with it.

We will not further enlarge, however, at present ; but from what we have said it is apparent that

This judgment must be affirmed.