## Quay *versus* Westcott.

1. In an agreement to refer a pending action under the provisions of the 6th sect. of Act of June 16th 1836, referring to the action in the agreement is equivalent to a stipulation that the submission is by rule of court.

2. Parties agreed to refer all matters in dispute, &c., to two arbitrators named, "and in case of a disagreement between the said arbitrators, they shall select a third arbitrator, and their award shall be final and conclusive between the said parties." *Held* that the award of two was good.

3. The parties having appeared before the three arbitrators, the presumption is that a disagreement had taken place so as to authorize the choosing a third man.

January 7th 1869.　　Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.　　WILLIAMS, J., at Nisi Prius.

[*Quay v.* Westcott.]

Error to the District Court of *Philadelphia*: Of July Term 1868, No. 33.

Certain suits were pending in the District Court of Philadelphia between Edward Quay, plaintiff, and Gideon G. Westcott, defendant. On the 6th of January 1868 the parties entered into the following agreement:—

"It is agreed that all matters in dispute of any and every kind whatsoever arising out of the said suits be referred to James Miller and Robert Luther, whose award in all these cases shall be final and conclusive between the parties hereto, and shall be made a judgment of the said District Court in No. 755 of December Term 1866, and the amount of said judgment, whether the same shall be for Edward Quay or for Gideon G. Westcott, shall be thereupon collected forthwith of the party hereto against whom the same shall be without any stay of execution; *and in case of a disagreement* between the said Miller and Luther, the said arbitrators, they shall select a third arbitrator, *and their award* shall be final and conclusive between the said parties as above provided. The costs in all of the said suits to abide the award aforesaid."

The following award was afterwards made and filed:—

"And now, the 3d day of February, A. D. 1868, at Philadelphia, the arbitrators, James Miller, Robert Luther and James Allen, all being present, and having been duly affirmed, and having heard the allegations of the parties, and the evidence submitted, do award in favor of the defendant the sum of $27.52, with costs.

"Witness our hands and seals.

"JAMES MILLER. [SEAL.]
"JAMES ALLEN. [SEAL.]"

Luther made and filed a separate award, in which he stated, amongst other things, that he disagreed with his fellows as to the construction of an agreement which was a subject of dispute. He found that there was due to the plaintiff $828.95.

The following exceptions to the award were filed in the court below:—

All the referees or arbitrators have not signed an award in the case. There are two awards filed, therefore the award is not made according to the submission.

The referees or arbitrators erred in their construction of the written contract between the parties. They made a plain and clear mistake in law, whereby a manifest injustice has been done the plaintiff.

The referees have formed their decision upon grounds not agreeable to law; they or the majority of them have acted in opposition to law, in the construction of the writing submitted to them.

[Quay v. Westcott.]

The arbitrators erred in not giving an opportunity to the plaintiff of being heard, and also in examining witnesses out of the hearing of the plaintiff, and without an opportunity of cross-examining them.

The arbitrators erred in this, that they refused to allow the plaintiff to appear by attorney to examine and to cross-examine witnesses.

The submission doth not state under which Act of Assembly the submission is made, as required by the rule of court.

That the provisions of the several Acts of Assembly in relation to amicable references have not been complied with, but have, all and singular, been disregarded.

The exceptions were dismissed, and judgment was entered for the defendant on the award of the two arbitrators. This was assigned for error in the Supreme Court by the plaintiff.

*J. Roberts*, for plaintiff in error.—The submission was treated by the parties as under the 6th sect. of Act of June 16th 1836, Pamph. L. 717, Purd. 51, pl. 6; Buckman v. Davis, 4 Casey 211; Bingham v. Guthrie, 7 Harris 418; Marshall v. Bozorth, 5 Id. 411. The submission was not made a rule of court: Stokely v. Robinson, 10 Casey 315; White v. Shriver, 2 Watts 471. In the agreement there is no provision for an umpire, but for a third arbitrator: Stephens's N. P. 61. There being no express stipulation for a majority to decide, all must join: Commonwealth v. Canal Commissioners, 9 Watts 470; Okison v. Flickinger, 1 W. & S. 257; Welty v. Zentmyer, 4 Watts 75; Bayne v. Gaylord, 3 Id. 301; Russell v. Gray, 6 S. & R. 145; Ford v. Keen, 1 Harris 179; Cortis v. Kent Water Works Company, 7 B. & C. 314; Campbell v. Western, 3 Paige 124; Ackley v. Finch, 7 Cow. 290; Towne v. Jaquith, 6 Mass. 46; Kyd on Awards 106; Reade v. Dutton, 2 M. & W. 69; Little v. Newton, 2 Mann. & Gr. 351; Thomas v. Harrop, 1 Sim. & St. 524; Barmister v. Read, 1 Gilman 92. The award leaves it uncertain in respect to which of the suits the finding is: Pearson v. Archbold, 11 M. & W. 477; Caldwell on Arb. 106, 113.

*G. L. Crawford* and *B. H. Brewster*, for defendant in error.

The opinion of the court was delivered, January 14th 1869, by THOMPSON, C. J.—In a reference of an action or actions pending, under the provisions of the 6th section of the Act of 16th June 1836, a simple reference to them, as here, in the agreement, is equivalent to an express stipulation that the submission is by rule of court: McAdams v. Stilwell, 1 Harris 90; Buckman v. Davis, 4 Casey 211; Coleman v. Lukens, 4 Wh. 347; Ford v. Keen, 1

Harris 179.   That was done in this case, which constituted a reference under that act.

An exception to the award in the case was made below and removed here, because the exception was overruled, and it is that the award was void, being signed by only two of the arbitrators, the submission being to three.   But it was in fact only submitted to two by the parties, although contingently it was liable to be tried by three.

Luther and Miller were chosen by the parties, with authority and power to determine the matters in controversy between them, but with power also, in case of disagreement, to choose a third arbitrator, with a stipulation " that *their award* should be final and conclusive between the parties."   It turned out, as it was supposed it might by the parties, that they did disagree.   This appears in the fact that but one of them signed the award made by two arbitrators, and the other reported an award signed by himself alone.   It also appears that they appointed a third man, as they were authorized to do in case of disagreement, who was sworn and sat with them on the trial of the case.   The award shows this.   Besides, the parties appeared before the board thus constituted and tried their case.   It must be presumed that a disagreement had taken place, so as to authorize the choice of a third man ; as the parties, as well as the original arbitrators, acted on an assumption without objection, that the fact of disagreement had taken place before the appointment.   No objection to the award for these reasons can avail on the ground of the appointment of the third arbitrator.

But further ; the objection below and here, that the award is by two, and that this is not according to the submission, the number being three, is without any force in the circumstances of this case. The object in providing for the choice of a third man was to prevent the reference failing on account of inability in the two to agree.   This aim could only be successful by an award of two, if the disagreement continued.   There was no sense in the provision for a third man, if this was not to be the consequence of it.   The provision could imply nothing else.   In fact, the agreement says as much ; for after providing for a third arbitrator in case of disagreement, the submission says that " *their award* shall be final." Whose award ?   Certainly the award of the arbitrators agreeing, for there was a provision that an award might be made after the selection of a third man, if the first two did not agree in making an award.   A persistent disagreement was provided against.

Had all joined in the award, it is not clear that it would not have been in excess of the submission.   It was intended to be made by two in the outset ; and in case of disagreement, a third man should be chosen by the two, so that two might still be found to join in an award.   The disagreement was the only legal ground

[Quay *v.* Westcott.]

for bringing in a third man. If therefore three had agreed on an award it might have disproved the occasion and necessity for a third man; and this would be just as fatal to an award when made by too many as it would be if made by too few. If the objection now made were to prove successful there could be no award in a case like this. On the one hand, two would be less than the number required by the submission, and on the other, three would defeat the submission to two. The court below was right in deciding that the whole submission, taken together, authorized the making an award by two, whether by the original two, or by one of them, and the third one chosen by them. This was clearly the effect of the submission.

The cases cited on the other side, do not in the least disagree with this view. They mostly turn upon the terms of the submission. None of them deny that where the agreement is express, that less than the whole number of arbitrators, in amicable references, may make an award which would be unexceptionable. Although not expressed in direct terms in this submission, it results as clearly from the terms of the submission, construed together, as if directly expressed. There is no conflict between the principles we must apply in order to sustain this award, and those of the cases cited. It would be an unnecessary waste of time, therefore, to notice those cases—their principles are the principles that rule the case in hand, viz., that the award must be made by the arbitrators, substituted or otherwise, and in the numbers agreed upon in the submission. That was done here, and the court did right in sustaining the award, and entering judgment thereon, notwithstanding the objections we have been discussing.

We see no error in the refusal of the court below to interfere with the award, on the ground of alleged misconstruction by the arbitrators of the written contract between the parties, out of which this controversy has arisen. There is nothing in the paper-books to show anything of the kind if it existed; and it is not easy to see how the facts could have been brought here for review, even had the ground of complaint been true, after the court below had decided against the exception.

As we perceive no error in the record,

The judgment is affirmed.