## Fourth Avenue Baptist Church et al. *versus* Schreiner.

1. While it may be taken for granted that after the expiration of the six months allowed by the Act of Assembly for the filing of a mechanic's lien, no material amendment of the claim filed will be admitted, yet where the amendments were immaterial and unnecessary they will not invalidate the claim.

2. A mechanic may file his lien against the person who holds the legal title when the work was commenced, and he is not bound to inquire further or take notice of any subsequent conveyance of the property.

November 15th 1878. Before SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. AGNEW, C. J., and WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1878, No. 248.

Scire facias sur mechanic's lien by John Schreiner against the Fourth Avenue Regular Baptist Church of Pittsburgh, owners, &c., and Henry Murphy and T. J. Hamilton, copartners, as Murphy & Hamilton, contractors, and the Smithfield National Bank of Pittsburgh.

The facts, in substance, were these : By a written agreement dated October 10th 1872, and by virtue of an Act of Assembly approved January 31st 1873, the " Union Regular Baptist Church of Pittsburgh," and the " First Baptist Church and congregation of the city of Pittsburgh," two different corporate bodies, having rights and properties in different parts of the city, being desirous to effect the consolidation of the same, were united under the name of the " Fourth Regular Baptist Church of Pittsburgh." Both congregations accepted the Act of Assembly on the same day, the 3d of March 1873.

Said congregations having so come together, agreed, from the common funds of both, to erect for themselves a new church edifice on the lot formerly occupied by the latter congregation, on the northern.corner of Ross street and Fourth avenue, and for this purpose had plans and specifications made and approved, and on the 5th day of August 1874, agreed with Murphy & Hamilton, contractors and builders, to build and complete said building at a cost of $55,000, which contract was made by the said Murphy & Hamilton with the building committee of the new corporation under their new corporate name.

Murphy & Hamilton afterwards sub-let the stone work and masonry to the plaintiff, who commenced his work July 14th 1874, and after the completion of the building filed his mechanic's lien, May 1st 1876, against " The First Baptist Church and Congrega-

tion of the City of Pittsburgh," as owners or reputed owners, and Murphy & Hamilton, contractors, and attached thereto a bill against " The Fourth Avenue Baptist Church." The scire facias issued thereon July 13th 1877, was served upon the officers of " The Fourth Avenue Regular Baptist Church of Pittsburgh." On the 20th October 1877, nearly eighteen months after the lien was filed, the plaintiff asked leave to amend the record so as to read, " The Fourth Avenue Regular Baptist Church of Pittsburgh," instead of " The First Baptist Church and Congregation of Pittsburgh." Whereupon the court granted a rule on defendants to show cause why the same should not be amended as prayed for, filing therewith the consent in writing of Murphy & Hamilton, the contractors, to said amendment, when the court, February 28th 1878, against the argument and protest of the said " Fourth Avenue Regular Baptist Church of Pittsburgh," allowed the same.

At the time the plaintiff filed his lien the said Fourth Avenue Regular Baptist Church was indebted to their contractors, Murphy & Hamilton, in about $6000, which was before any amendment was made or asked for attached in their hands, to wit, on July 10th 1877, under an execution attachment on judgments against said Murphy & Hamilton, in favor of the Smithfield National Bank, when, on March 13th 1878, the said bank was by the court permitted to appear in this case and defend *pro interesse suo.* The said new church corporation, April 16th 1878, with said bank, each moved the court to rescind their order, allowing the lien to be amended, for the reason that more than six months had elapsed between the filing of said lien and the making the application for the order, and because the interest of said attaching creditor was affected thereby; whereupon the court refused the same and sealed a bill, &c.

Then, during the trial, to wit, on April 17th 1878, the plaintiffs again asked leave and were permitted to amend the mechanic's lien and record so as to read, "The First Baptist Church and Congregation of the city of Pittsburgh," otherwise The Fourth Avenue Regular Baptist Church of Pittsburgh.

Thereupon the said new church corporation entered the following pleas :

" 1. That there is no lien filed against them within six months from the completion of the work and labor done and materials furnished, as claimed for in the case.

" 2. That the amendments of the names of the party defendant allowed by the court is contrary to law.

" 3. Non assumpsit."

When immediately thereafter the case went to the jury, and the court was asked by defendants to charge the jury, that because the lien, as originally filed, was defective, and the amendment allowed was unavailing, as it had not been applied for until more than six

months had elapsed since the completion of the building, and because, in the meantime, the balance due by the owner to Murphy & Hamilton, the contractors, had been attached by said bank, the court below refused so to charge, and ruled that said amendment was good and valid, and such as the court had power to allow. A verdict was rendered for the plaintiff for the amount of his claim, viz., for $7945.91: An application for a new trial was refused, and the Fourth Avenue Regular Baptist Church of Pittsburgh, and the Smithfield National Bank of Pittsburgh both sued out writs of error, assigning for error the allowance of the amendment and the refusal to charge as requested.

*Bruce & Negley*, *W. C. Friend* and *John Barton*, for plaintiffs in error.—It was too late to amend after the statutory period of six months allowed for filing the claim : Dearie et ux. *v.* Martin, 28 P. F. Smith 57.

*Fetterman & Johnson*, for defendants in error.—It was not essential in order to bind the property in the possession of the new corporation to have amended the lien at all, but having done so, it does no injury to the present owner of the property: Jones *v.* Shawhan, 4 W. & S. 257 ; Sullivan et al. *v.* Jones, 5 Whart. 366.

The judgment of the Supreme Court was entered November 25th 1878,

PER CURIAM.—It may be granted that after the expiration of the six months allowed by the Act of Assembly for the filing of a mechanic's claim, no material amendment of the claim filed is admissible. But the amendments allowed in this case by the court below, which form the only matters complained of in the five assignments of error, were immaterial and unnecessary. When the work of the plaintiff below was commenced, the legal title of the lot upon which the building was erected was in the First Baptist Church, against which the claim was filed. He was not bound to inquire further, or to take notice of any subsequent conveyance of the property. Doubtless he might have named the party owning the ground at the time of filing, but he was not bound to do so. Jones *v.* Shawhan, 1 W. & S. 257, is in point.

Judgment affirmed.