## Weaver v. Powel, Appellant.

[Marked to be reported.]

*Arbitration—Powers of arbitrators determined by terms of the submission—Award.*

The powers of the arbitrators are derived from the submission and measured by it.

If in express terms, or by fair implication, it allows a majority to make the award they may do so, but otherwise all must unite in making it. If it requires that the award should be made in a " report under their hands and seals," an award will not be sustained, when signed and sealed by two of three arbitrators, by proof that the third, while refusing to sign the award, said " it was all right."

An award which is not authorized by the submission is invalid, and it is error to allow a recovery upon it.

Argued April 20, 1891. Appeal, No. 345, Jan T., 1891, by defendants, Amy S. Powel et al., from judgment of C. P. Huntingdon Co., April T., 1886, No. 4, on verdict for plaintiff, John B. Weaver. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Debt on award of arbitrators.

At the trial before FURST, P. J., it appeared that plaintiff, in 1871, conveyed certain land to Robert Hare Powel, with the proviso that the grantee should have the right to make use of adjacent land of the grantor for construction of roads, railroads, tramways, and erection of buildings, machinery, etc., paying to grantor within thirty days after entry a fair value for the land so taken, provided that in case the parties could

not agree upon a fair valuation then they should each choose one person, and the two persons so chosen should choose a third, who should go upon and view the premises and make a report under their hands and seals, a copy whereof should be given by them to each party, and should be final and conclusive, and the payment made accordingly within twenty days after the delivery of the copies aforesaid.

Land having been so taken, in accordance with the provisions of the deed, William Ward on behalf of plaintiff and Thomas Keith on behalf of Powel were chosen arbitrators, and as they failed to agree, they selected John Ketterman as the third. A report having been prepared, Keith refused to sign it, and it was signed by the other two. The suit was brought upon this instrument.

At the trial plaintiff made the following offer :

" Plaintiff offers in evidence agreement of submission dated the 26th of August, 1885, signed by John B. Weaver for himself and Edward McHugh, general manager for the defendant.

" The warrant is dated the 7th of January, 1886, and it is an award for $893.99. This to be followed with the testimony of John Ketterman and William Ward, the two viewers who have signed and sealed the same, to show that on the 7th of January, 1887, the three viewers, William Ward, Thomas Keith and John Ketterman, met on the premises to view the land, and agreed upon the sum of $893.99, and that Mr. Keith, who had been chosen by the Powels as their arbitrator, said it was all right, but he wouldn't sign it until he saw the Powels, and he has never yet signed it.

" Defendant's counsel objected to the offer as stated, that it is not a complete award as provided by the deed, and as the offer now is it is incomplete, being signed only by two viewers.

" The Court : We will receive the evidence for the present ; the legal effect will be determined hereafter, and seal a bill for the defendant." [1]

Defendants offered to show a failure to give proper notice to defendants' representative, Edward McHugh, of a meeting of the arbitrators under the terms of the submission. Rejected. [2]

The court charged the jury, in part, as follows :

" If they agreed, it was the duty of these three men to sign

the written report. If they did not agree that day, then there is no award here upon which this suit can be predicated. Mr. Keith did not sign this award. He has been called as a witness for the defendants and he swears to what occurred, you will recol'ect it in connection with the testimony of the other two viewers; he swears that after the three viewers had fixed their amounts or prices, a division of it was made, he said he would not sign the report until he saw the Powels or their representative. [Well now, if his purpose was to defeat the agreement of the parties, or if his purpose was not to sign it unless the Powels directed him to sign it, he was not acting in that good faith that the agreement required.] [4] [If he agreed to the amount and then failed to sign the report by any influence, which Mr. Powel or Powels or any of their representatives brought to bear upon him, we say that would not vitiate their agreement, if you find from the evidence that that was the reason which prevented him from signing the award.] [5]

"If, however, he did not agree to that amount, as a viewer, on the 7th of January, 1886, then there is no award here such as is stipulated for by the parties and your verdict would then of necessity be for the defendants, and the case would then go back, to be completed according to the agreement of the parties. But if they did agree and Mr. Keith refused to sign the award because he was influenced by the Powels not to do so, we do not think he could defeat the agreement of the parties and the result of the viewers in that manner.

" They made an award that day, which is signed by two of the viewers, and notice was given of it to the other side on the 14th of January, 1886, and that award became payable in twenty days from the 14th of January, 1886, if it be a good award as you may find from the evidence.

"It is alleged as another branch of defence on the part of the defendants, that when the agreement of submission was entered into on the 26th of August, 1885, that there was a parol agreement, made between Mr. McHugh and Mr. Weaver that notice of the time and place of meeting of the viewers should be given to both parties. Mr. McHugh, who represented the defendants, alleges that that agreement was entered into distinctly ; and that no notice was ever given, so that this award was an ex parte proceeding, made in the absence of the defendants.

"If that be a fact that an agreement was made to give notice of the meeting of the viewers and no notice was given, and this proceeding was conducted ex parte in the absence of the defendants, then it would not be binding upon them and the proceedings would have to go back again to be properly completed, and in that case your verdict would have to be for the defendants.

"Mr. Weaver is called and he swears that no such agreement was entered into, so far as he recollects—he thinks there was not. He says repeated notices were given to Mr. McHugh, and that the viewers met and adjourned and met again and did not come to a final conclusion until the 7th of January, 1886, and that for some reason or other Mr. McHugh did not attend. Mr. Weaver further claims by his counsel that the written agreement itself shows that there is no necessity for notice to be given; that it is not provided for in the written instrument; that the viewers were to go upon the premises that were taken possession of by the defendants and see what they had done there, and that there was no occasion therefore for a notice to be given, because the ground itself would show to the viewers what possession was taken by the defendants, and secondly, that notice was in fact given.

"We say to you, gentlemen of the jury, upon the question whether or not notice was agreed to be given, you have the written agreement which does not provide for it; you have the testimony of Mr. Weaver in conflict with the testimony of Mr. McHugh, and you have Mr. McHugh's testimony. You must first determine from all of the evidence whether or not there was a verbal agreement entered into at the time this award or submission was agreed upon, and if you find there was no such agreement to give notice then it would be immaterial although it would be a better practice that notice should be given.

"If, however, you find that notice was agreed upon to be given, then in fact was such notice given? You have the evidence of Mr. McHugh and the evidence of Mr. Weaver on that question.

"[If you find that the award was made under the principles we have given, that is that Mr. Keith refused to sign it because he was influenced by his principal, and that he had agreed to the amount, then we say the award is binding.] [6] If not, as we said before, your verdict must be for the defendants. If

you further find that notice was to be given of the meeting of the view and it was not given, then your verdict must be given for the defendants. But, if you find that no such notice was stipulated for, or, if stipulated for, it was in fact given, then your verdict would be the other way and you would therefore find for the plaintiff.

" The plaintiff would be entitled to recover the sum mentioned in the award,—the sum of $599.99, with interest from 20 days after notice of the award to the defendants until the present time."

Defendants submitted, among others, the following point:

" 1. That the award is incomplete and will not sustain an action, for the reason that the deed offered in evidence and read contained the terms of submission; that the entry upon the land is to be for any portion of the land embraced within the boundaries described and the adjacent land owned by Weaver so far as may be judged necessary by Robert Hare Powel, his heirs or assigns, and that the terms of the agreement as to the selection of viewers being in those words: ' It is provided in case the parties cannot agree upon a fair value thereof, they will each choose one person, and the two persons so chosen shall choose the third, who shall go upon and view the premises and make a report under their hands and seals,' contemplated an award to be signed by three viewers. The award offered in evidence being signed by two only, and the proceedings being at common law, and not by statute, it is incomplete under the terms of submission." [3]

Verdict for plaintiff for $1,067.07. Defendants moved for a new trial.

In discharging the rule the court said:

" Defendants also contend that the award is fatally defective, because not signed by all three.

" We submitted to the jury the question of fact whether all three viewers had met, consulted and agreed upon the amount to be allowed Weaver, and whether or not Keith assented to and agreed to this and whether he refused to sign until he could see his principals and find whether the amount was satisfactory to them; and if not, whether he was influenced by them or their agent not to sign the report; that if that was the reason why he did not sign the written award, it would not vitiate the award.

" That the proceedings before the viewers could not be avoided in that manner. We also instructed the jury that if Keith had not agreed to the award, then it was not binding under the covenant, etc.

" We held on the trial that it required the agreement of all three viewers, and further, if after they had agreed the party on the one side prevented his viewer from signing the award, the other two could make a valid award under the deed.

" We now think if we committed any error in so instructing the jury it consisted in holding the law too strictly against the plaintiff. We think the true construction of this covenant is that if the two chosen by the parties had, when they first went upon the premises, agreed upon the amount, there would have been no necessity of calling in the third viewer, who was to be chosen by the other two.

" Be this as it may, we required the joint agreement of the three viewers as to the amount of damages, and submitted to the jury the question of fact as to whether Keith had agreed with the other two, and whether through the influence of his principal he was influenced not to sign, etc.

" What constituted a good award in this case we think was fairly submitted to the jury, under the authority of Robinson v. Bickley, 30 Pa. 384, and cases there cited.

" It must not be overlooked that arbitrators chosen under a submission are the agents of the parties themselves : 1 Am. & Eng. Ency. of Law, 673. If therefore a party undertake to influence or in any manner prevent his own arbitrator from signing the award to which he himself had agreed, he ought not to be permitted to say that the award for that reason is invalid and void."

Holding also that interest had been improperly included in the verdict, the court directed that if plaintiff should file a remittitur of all of the verdict in excess of the sum of $773.07, the rule for a new trial should be discharged ; otherwise rule to be made absolute.

Remittitur filed accordingly and judgment entered for $773.07. Defendants appealed.

*Errors assigned* were, (1) plaintiff's offer as above, quoting the bill of exceptions ; (2) rejection of defendants' offer, quoting the bill of exceptions ; (3) failure to confirm defendants'

first point, quoting the point; (4, 5 and 6) the portions of the charge in brackets, quoting them.

*George B. Orlady*, for appellants.—In support of the position that the terms of the submission must be strictly complied with, he cited : Billings on Awards, sec. 117 ; Watson on Arbitration, 129 ; Story on Agency, 40 ; Kyd on Awards, 105 ; Morse on Arbitration, 162, 259 ; Paley on Agency, 149 ; Evans on Principal and Agent, secs. 40, 41 ; 2 Kent's Com., sec. 643 ; Baltimore Turnpike, 5 Binn. 480 ; Bayne v. Gaylord, 3 Watts, 301 ; Russell v. Gray, 6 S. & R. 145 ; Commissioners v. Lecky, 6 S. &. R. 165 ; Welty v. Zentmyer, 4 Watts, 75 ; Tetter v. Rapesnyder, 1 Dallas, 293 ; Hall v. Commissioners, 9 Watts, 466 ; Okison v. Flickinger, 1 W. & S. 257 ; Johnston v. Bingham, 9 W. & S. 56 ; Potter v. Sterrett, 24 Pa. 411 ; Pyle v. Gallagher, 1 Chest. Co. 449 ; Robinson v. Bickley, 30 Pa. 385 ; McCracken v. Clarke, 31 Pa. 498 ; Quigley v. De-Haas, 82 Pa. 267 ; Bartolett v. Dixon, 73 Pa. 129 ; Rea v. Gibbons, 7 S. & R. 203.

*R. Bruce Petrikin*, for appellee.—It was the obvious meaning of the parties that the report was to be final, and therefore they provided for the choice of a third viewer in case the first two could not agree. If this were not their intention, there was no object in providing for the choice of a third arbitrator. In interpreting the submission, regard is particularly to be had to the intention of parties : Caldwell on Arbitration, 65 ; Morse on Arbitration and Award, 47, 59, 163 ; Hobson v. McArthur, 16 Peters, 188 ; Battey v. Button, 13 Johns. (N. Y.) 187 ; Knowlton v. Homer, 30 Me. 552 ; Darge v. Horicon Iron Co., 22 Wis. 293 ; Phippen v. Stickney, 3 Met. (Mass.) 389 ; Parnell v. Parnell, 3 Strob. 487 ; Cooley v. Dill, 1 Swan (Tenn.) 318 ; Kile v. Chapin, 9 Ind. 152 ; Cones v. Vanosdol, 4 Ind. 248 ; Maynard v. Frederick, 7 Cush. 247 ; Carpenter v. Wood, 1 Met. 409 ; Yates v. Russell, 17 Johns. 461 ; Robinson v. Bickley, 30 Pa. 384 ; Gas Co. v. Wheeling, 8 W. Va. 320 ; Quay v. Westcott, 60 Pa. 163.

OPINION BY MR. JUSTICE McCOLLUM, April 11, 1892 :

This case was tried in the court below on the theory that, although the award was not authorized by the submission, it could be enforced, if Keith's refusal to join in it was attribu-

table to the action or influence of Powel or his representatives, and the plaintiff was allowed to recover a verdict there upon a finding by the jury that Keith, while refusing to sign the award, said " it was all right." In his opinion, discharging the rule for a new trial, the learned judge reached the conclusion that his interpretation of the submssion in his instructions to the jury was erroneous, and that a majority of the arbitrators could make a valid award under it.

We think it is clear that a submission which requires that the arbitrators shall make an award under their hands and seals, is not satisfied by proof that they agreed upon an award which was reduced to writing, and they refused to sign. If the signature of one arbitrator, whose concurrence in the award is necessary to. its validity, can be dispensed with on such ground, the signatures of all can be, and we may have a parol award substituted for the written one demanded by the stipulations of the parties. It needs no argument or citation of authority to prove that a principle which admits of such results is unsound. The real question for our consideration in this case is, whether, under the submission, an award by two arbitrators is valid. The powers of the arbitrators are derived from the submission, and measured by it. If, in express terms, or by fair implication, it allows a majority to make the award, they may do so, but otherwise all must unite in making it. This is the rule of the text books, and of our own cases.

It is thus stated in Morse on Arbitration and Award, p. 162 : " Unless the statute or the submission, under which the arbitrators act and derive their authority, provides to a contrary effect, or unless a contrary intention of the parties can be clearly and unmistakably gathered from the submission and attendant facts, the rule is general and imperative that all the arbitrators must unite in the award in order to render it valid. A different rule is allowed to prevail in matters of public concern." It is recognized and enforced in all the Pennsylvania cases to which it is applicable. In Tetter v. Rapesnyder, 1 Dallas, 293, there was a submission to three persons, and an award by two of them. The award was set aside on the ground that it was not authorized by the submission. In Bayne v. Gaylord, 3 Watts, 301, the submission was to two persons named, " together with such third person as the two should select ;" the two so named,

without choosing a third arbitrator, made an award which was adjudged bad, Chief Justice Gibson saying: "It is decisive against the award that it was made but by the two original arbitrators, and without the concurrence of a third to have been appointed by them." In Welty v. Zentmyer, 4 Watts, 75, exceptions to an award by two, under a reference to three, were sustained, because the submission did not provide for it. Robinson v. Bickley, 30 Pa. 384, and Quay v. Westcott, 60 Pa. 163, are cited by the appellee as opposed to the rule we are considering, but they do not sustain his contention. In the first it was expressly agreed that an award by the majority of the arbitrators should be final; and in the second, the submission was to two arbitrators, who, if they disagreed, were empowered to choose a third. In our case each party named an arbitrator, the two persons named were to select a third, and the arbitrators thus chosen were to view the premises and make an award under their hands and seals. The disagreement of the two arbitrators named was not, as in Quay v. Westcott, supra, a condition precedent to the selection of the third, but it was their plain duty to make the appointment prior to any consideration of the question which was submitted, not to them alone, but to three persons chosen as aforesaid. The submission was the contract between the parties; it did not provide for a majority award, and there was nothing in it to warrant an implication that they intended to accept one in settlement of their controversy. The award was not authorized by the submission, and it is therefore invalid. It follows that it was error to allow a recovery upon it. The first, third, fourth, fifth and sixth specifications of error are sustained, and this makes it unnecessary to consider the second.

Judgment reversed.