CLARK BROS. CO. v. TENNESSEE LUMBER MFG. CO.

(Circuit Court, E. D. Pennsylvania. March 9, 1910.)

No. 714.

CONTRACTS (§ 285*)—AGREEMENT FOR ARBITRATION—AWARD BY TWO ARBITRATORS.

Where a contract provided that in case of dispute the matter should be left to the decision of arbitrators, one to be selected by each party, and that the two should have power to select a third, and that the decision should be binding, an award was not required to be unanimous, but was binding if joined in by two of the arbitrators.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 285.*]

At Law. Action by Clark Brothers Company against the Tennessee Lumber Manufacturing Company. Rule for judgment for want of a sufficient affidavit of defense. Rule absolute.

John E. Sibble and D. I. Ball, for plaintiff.
Wesley K. Woodbury and John G. Johnson, for defendant.

J. B. McPHERSON, District Judge. There are three counts in the plaintiff's statement, but this rule asks for judgment upon the first count only, which is based solely upon an award made by two out of the three arbitrators who heard the controversy. They were appointed in accordance with clause 7 of the contract between the parties, and a copy of the agreement (which provides for the building of a sawmill) is attached to the statement. It is true that the drawings and detailed specifications are omitted, but the attached copy sufficiently complies with the requirements of the Pennsylvania act of 1887, which directs that a statement of claim shall be accompanied by copies of all notes, contracts, book entries, etc., upon which the plaintiff's action is founded. To support the claim contained in the first count, it would have been wholly superfluous to set out the specifications of this building agreement. Neither they nor the drawings could throw any light whatever on this phase of the controversy; and I do not believe that the act of 1887 was intended to compel the performance of what would approach the absurd.

The clause providing for arbitration is as follows:

"Should any dispute arise respecting the true construction or meaning of the proposition, specifications, or drawings, or respecting the true value of any extra work, or of work, machinery, appliances, or equipment omitted, or as to whether said mill is fully completed and in first-class running order, then said matters shall be left to the decision of arbitrators, one to be selected by

the party of the first part, another by the party of the second part, and they two shall have the power to name a third arbitrator, and the decision of said arbitrators shall be binding on the parties hereto."

What happened was this: The parties were in serious dispute over several matters arising out of the contract, and on February 11, 1907, each party chose an arbitrator. On February 12th these two, acting under the power contained in the foregoing clause, selected a third arbitrator "to sit and act with us upon the hearing of this arbitration." These three persons accordingly heard all the evidence submitted by the parties and an elaborate argument thereon, and upon June 28, 1909, one of the arbitrators originally chosen united with the third arbitrator in making an award in favor of the plaintiff. The defendant attacks the finding upon the ground that it was not agreed to by the three arbitrators, asserting that the seventh clause requires that all who hear must agree before a binding award can be made. As it seems to me, this proposition need not be discussed. It appears to be decided against the defendant by the following authorities: Hobson v. McArthur, 16 Pet. 182, 10 L. Ed. 930; Quay v. Westcott, 60 Pa. 163; and Weaver v. Powel, 148 Pa. 372, 23 Atl. 1070. I refer to the opinions in these cases for the reasoning that fully justifies the plaintiff's contention that the foregoing clause by clear implication authorizes any two of the arbitrators to make a binding and final award. To construe the clause to mean that all must agree if a third be appointed is to adopt what seems to be a most improbable construction; for it requires us to suppose that, instead of providing a way to escape a deadlock, the parties deliberately made a deadlock much more probable, if not practically inevitable.

The rule is made absolute, and it is directed that judgment be entered in favor of the plaintiff upon the first count of the statement for $14,-184.52, with interest from June 28, 1909.