### TENNESSEE LUMBER MFG. CO. v. CLARK BROS. CO.

(Circuit Court of Appeals, Third Circuit. November 28, 1910.)

#### No. 13.

1. ARBITRATION AND AWARD (§ 35*)—AWARD BY MAJORITY—VALIDITY.

Under the rule that the power of arbitrators is derived from and measured by the submission, where the submission either by express terms or by fair implication allows a majority to make an award, a majority award is valid; otherwise, by the common-law rule, it is void unless all unite therein.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 186; Dec. Dig. § 35.*]

2. ARBITRATION AND AWARD (§ 40*)—UMPIRE—MAJORITY AWARD.

Where an arbitration agreement provides for the appointment of two arbitrators, and authorizes them to appoint a third in case they cannot agree, the third is an umpire, and hence under such a submission the majority award would be valid.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 204; Dec. Dig. § 40.*]

3. ARBITRATION AND AWARD (§ 40*)—SUBMISSION—CONSTRUCTION—MAJORITY AWARD.

A submission to arbitration provided that one of the arbitrators should be selected by each party, that the two should have power to name a third, and that the decison of the arbitrators should be binding on the parties. *Held*, that the selection of a third arbitrator was not conditional on the failure of the two to agree, and hence the third was an arbitrator, and not an umpire, so that an award in order to be valid must be the award of all.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 204; Dec. Dig. § 40.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by Clark Brothers Company against the Tennessee Lumber Manufacturing Company. Judgment for plaintiff (176 Fed. 929), and defendant brings error. Reversed and remanded.

Wesley K. Woodbury and John G. Johnson, for plaintiff in error. D. I. Ball and John E. Sibble, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

BUFFINGTON, Circuit Judge. In this case the Clark Bros. Company had entered into a written contract for the erection of a sawmill for the Tennessee Lumber Manufacturing Company. That contract provided that, in case of disputes arising between the parties to the contract, "said matter shall be left to the decision of arbitrators, one to be selected by the party of the first part, another by the party of the second part, and they two shall have the power to name a third arbitrator, and the decision of said arbitrators shall be binding on the parties hereto." A dispute having arisen, each party selected an arbitrator, and these two immediately and before doing anything else selected a third. Thereafter all three sat as a board and heard the proofs and arguments. Later two joined in and signed an award in favor of Clark Bros. Company. The latter then

---

*For other cases see same topic & §-NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

brought suit claiming to recover, first, on the contract generally, and, secondly, on the award. The defendant filed an affidavit of defense, in which, inter alia, it defended against said award as not binding because all the arbitrators did not join. The court, however, in an opinion reported at 176 Fed. 929, held the report signed by two was good and entered judgment for the plaintiff on its motion for judgment for want of a sufficient affidavit of defense. Its action in so doing is assigned for error.

The general principle of law is that the power of arbitrators is derived from and measured by the submission. If such submission by express terms or by fair implication allows a majority to make an award, such majority award is valid; otherwise, by the common law, all must unite to make it valid.

"The powers of the arbitrators are derived from the submission, and measured by it. If, in express terms, or by fair implication, it allows a majority to make the award, they may do so, but otherwise all must unite in making it." Weaver v. Powel, 148 Pa. 372, 23 Atl. 1070.

Applying this doctrine to the submission here involved, it seems that two arbitrators were provided for, and they were empowered to select a third. Their power to appoint was not conditioned on a failure on their part to agree. Had such been the terms of the submission, the third man would have been an umpire between the two disagreeing arbitrators, a majority award would be valid, and the cases of Hobson v. McArthur, 41 U. S. 182, 10 L. Ed. 930, and Quay v. Westcott, 60 Pa. 163, would apply. But, in the submission in the present case, "said matter shall be left to the decision of arbitrators," and these arbitrators, as provided therein, were to be three in number, for it says:

"One to be selected by the party of the first part, another by the party of the second part, and they two shall have the power to name a third arbitrator."

The appointment of the third arbitrator was not conditioned on the disagreement of the other two. This brings the case in line with Weaver v. Powel, supra. The two first named were the instruments for choosing a third, and when chosen the three constituted the board. It was as though the three had been named in the submission. Such being the case, it follows that their award, to be valid, must be unanimous.

After all the time and work spent by the parties and the arbitrators, it is greatly to be regretted that this award is not conclusive, but the parties have themselves to blame for failing to provide for a majority award and to them may be applied what was said in Howard v. Pollock, 1 Yeates (Pa.) 509:

"It very probably was the honest intention of the parties that a majority of the arbitrators should determine the dispute; but it is not so expressed in the bond, nor can the court intend it, or suffer the defect to be supplied by oral testimony."

For the reasons stated, the judgment entered for want of a sufficient affidavit of defense must be reversed, and the case remanded for trial.