**Private Lands, Inc. v. Smith**

462

*John N. Keller,* for plaintiff.
*Richard C. Fox,* for defendant.

SPICER, *P.J., Specially Presiding,* December 21, 1979—Plaintiff filed an action in equity seeking to compel defendant to specifically perform an agreement to sell stock. Plaintiff is a corporation and defendant a shareholder therein.

The corporation and its shareholders entered into a stock restriction agreement sometime in 1976. According to section 2(a) of the agreement, the corporation had an option of purchasing shares at book value when a shareholder delivered a written notice to sell a stated number of shares. Book value was to be determined under section 4 "by an appraisement made by three (3) persons, one of which shall be selected by the stockholder . . . another by the corporation . . . and the third by the two appraisers so selected, whose determination shall be final."

The complaint alleged that after defendant delivered written notice three appraisers were selected. A meeting was scheduled but defendant's appraiser was unable to attend. Paragraph 13 of the complaint alleges that "Defendant authorized his attorney . . . to deliver the appraisal and any other relevant information . . . to the other two . . . and . . . further agreed that the other two . . . were to proceed to arrive at a valuation. . . ."

Paragraph 14 alleges that thereafter the two remaining appraisers arrived at a compromise valua-

tion after considering the material furnished them by defendant's appraiser. Defendant's appraiser did not sign the appraisal.

Plaintiff alleges it borrowed money and placed itself in a position to purchase but defendant failed to attend a scheduled settlement and still refuses to perform.

Defendant has filed preliminary objections in the nature of a demurrer and raising a question of jurisdiction. Both revolve around one common issue, which is: must all three appraisers agree to the appraisal and evidence their agreement by signing the appraisal?

Defendant's position is that the appraisal, to be valid and the basis for a price, must have been the result of a unanimous agreement. Since this obviously is not the case, defendant claims there is no price and therefore plaintiff is not entitled to specific performance. Since equity can only act when plaintiff's rights are clear, defendant argues equity has no jurisdiction in this case.

Defendant further maintains that proof, and therefore allegations, concerning procedures followed by the appraisers and acquiescence therein by defendant are excluded by the parol evidence rule and the common law rule that the appraisal must be unanimous.

The historic rule seems to have been that arbitrations were to be decided by unanimity of the arbitrators unless either affecting public interest or the submission (that is, the agreement by which raised) provided otherwise: 5 Am. Jur. 2d, Arbitration and Awards § 131; La Stella v. Gracia Estates, 66 N.J. 297, 331 A. 2d 1 (1975). Although there are some statements, at least in the earlier cases, that the same rule applied to appraisals, Omaha v. Omaha Water Co., 218 U.S. 180 (1910), it is very

clear that there is a very basic difference between the two. Much less rigorous rules apply to appraisals than to arbitrations: 5 Am.Jur. 2d, Arbitrations and Awards §3; Grote v. Stein, 99 Pa. Superior Ct. 556 (1930).

For example, appraisers may act much more independently than arbitrators, with less emphasis on meetings and discussions. Id.

However, there is authority in Pennsylvania that the fixing of a value may be classified as an arbitration. This has occurred when the agreement in question provides for the submission of the issue to arbitrators or appraisers when and only when a dispute or controversy arises. An example of this is when an agreement provides that if the parties fail to agree, valuation will be submitted to third persons to be appointed: Weaver v. Powel, 148 Pa. 372, 23 Atl. 1070 (1892). In such a case, if the agreement provides that the award is to be under the hands and seals of the three persons appointed, parol evidence is inadmissible to prove that a non-signing arbitrator agreed to the valuations. Id.

However, when the agreement provides from the very beginning that valuation is to be determined by three persons to be named, there is no controversy or dispute and cases characterize the process as an appraisal: Poland Coal Co. v. Hillman Coal & Coke Co., 357 Pa. 535, 55 A. 2d 414 (1947).

The agreement in the case before us provides that book value be determined by three persons and there is no requirement the report be in writing or under hands and seals. Therefore, we are involved in an appraisal and the holding in Weaver, supra, relative to the parol evidence rule does not apply.

When one considers the purpose of an appraisal, the requirement of unanimity seems to be rooted

more in historic disfavor toward out-of-court proceedings than in reasonableness. Requiring unanimity really means that one party, by controlling his appraiser or arbitrator, could thwart effectuation of an agreement to which he has bound himself. The policy reasons, therefore, are dubious at best: Omaha v. Omaha Water Co., supra; La Stella v. Garcia Estates, supra. Whether by statute or otherwise, the trend seems to be away from the common law rule. Id.

There are no appellate cases which have applied the common law rule to appraisal cases in Pennsylvania. In their absence, we decline to follow it in this case, holding that a majority vote is sufficient.

Even if the common law rule were the law in our jurisdiction, it is clear the requirement for unanimity can be waived by the parties: 5 Am.Jur. 2d supra, §131.

The contract is silent as to the requirement of a unanimous decision. There is no requirement that the report be in writing. Thus, there seems to be little support for defendant's position that the parol evidence rule precludes proof of the parties' actions after the appraisers were selected. Even so, the law is clear that the requirements can be waived, 5 Am.Jur. 2d supra, §131, and that the contract may be modified orally even though the agreement provides that it may be modified only in writing: Universal Builders, Inc. v. Moon Motor Lodge, Inc., 430 Pa. 550, 244 A. 2d 10 (1968).

Since both of defendant's positions emanate from the arguments covered above, we see no need to treat each separately.

We are of the opinion that the complaint sets forth a sufficient basis to require defendant to answer and to entitle plaintiff to the relief which it seeks.

466

Therefore, the attached order will be entered.

### ORDER

And now, December 21, 1979, defendant's preliminary objections are overruled. Defendant shall have 20 days from today's date in which to file an answer.