CATHERINE F. SUTCLIFFE *et al. vs.* PAWTUCKET AMUSEMENT COMPANY.

JULY 6, 1931.

MURDOCK, J.  This bill in equity is brought to determine the rental to be paid under a lease entered into by the parties December 31, 1919, for a term of thirty years commencing January 1, 1920.  Said lease contains a provision for a readjustment of the rental at intervals of ten years.  In conformity with its terms, three appraisers were appointed to determine the annual rental for the ten year period beginning January 1, 1930.  The appraisers failed to come to a unanimous agreement but a majority of them made an award which the complainants assert is invalid for want of unanimity.  The respondent filed an answer which sets forth a copy of the lease and the award made by the majority of the appraisers.  Said answer also sets forth other matters in the nature of a cross-bill and prays that the award be enforced against the complainants.  To this answer the complainants demurred on the ground that the award is invalid because it was not concurred in by all of the appraisers.  The demurrer was overruled in the Superior Court and thereafter the complainants filed a replication setting up as an additional ground of invalidity of the award that the majority of the appraisers failed to take into consideration the improvements made by the lessee on the premises in question.  The respondent demurred to the replication and after sustaining the demurrer the trial justice

entered a decree dismissing the bill. The cause is in this court on complainants' appeal from this decree.

The clause in the lease providing for the appointment of appraisers is as follows: "Three months before the expiration of the first period of ten (10) years and of the second period of ten (10) years respectively said lessors and said lessee shall each give in writing to the other the names of three (3) disinterested men familiar with real estate values in said City of Pawtucket, and each party shall select from the three (3) names given by the other party one (1) man to act as appraiser. The two (2) men so chosen shall select a third and these three (3) appraisers shall fix upon a fair and just sum for the annual rental of said demised land, and the buildings thereon, for the further term of ten (10) years, which sums shall not be less than the rental hereinbefore reserved, (the term 'building' is to include the structures both above and below the surface of the ground including the foundations). And in case either party hereto shall neglect to furnish to the other party the names of three (3) disinterested men as hereinbefore provided, and such neglect shall continue for one (1) month after written notice from the other party, which notice shall contain the names of the three (3) disinterested appraisers to be furnished by such other party, then the party so neglecting shall lose his right of appointment and the party sending such notice shall select from his list two (2) appraisers who shall select a third, and the acts and appraisements of these three shall be binding upon all parties."

It is contended by the complainants that in a matter of private concern where there is a submission to arbitration the award to be valid must be concurred in by all the arbitrators unless it is otherwise provided, expressly or by implication. It will be observed that in the clause of the lease above set forth there is no express provision for an award by a majority of the appraisers nor any language from which such provision might arise by implication.

The decisions of this court support the position of the complainants. It is true that the question appears not to have been considered at length and only in the case of *Cooke* v. *Miller*, 25 R. I. 92, was the question directly an issue. In *Sweet* v. *Mathewson*, 1 R. I. 420, the validity of an award was attacked on the ground that there was a variance between the petition for a reference and the writ authorizing the same. The petition related that the parties had agreed to submit certain matters in dispute to three referees and the writ authorized an award by a majority. As all three of the referees agreed the court upheld the award and went on to say: "Under such a petition all the referees must sign the award to make it binding. This ruling is well settled. . . . If the report had been signed by only a majority, we of course would have set it aside." In *Sherman* v. *Cobb*, 15 R. I. 570, the court had under consideration a provision in a lease calling for a reference to "two or three judicious persons." The award was held invalid because made under an arbitration agreement outside the terms of the lease and the authority of the arbitrators was revoked by the defendant before the award was made. After so deciding the court said: "Under the covenant, however, there is no agreement that the award shall be binding unless it is unanimous and therefore a mere majority award would not be binding under the covenant."

In *Cooke* v. *Miller*, *supra*, a provision in a lease very similar in its terms to the provision in the lease before us was considered. The arbitrators failed to agree and the aid of the court was sought. The opinion is principally concerned with the question raised by demurrer as to whether a court of equity could grant relief where the parties had agreed to settle the matter by arbitration. It was taken for granted that the award by a majority of the arbitrators was not valid and it was held that the arbitration having failed the relief could not be granted by a court of equity. This decision and the *dicta* in *Sweet* v. *Miller*, *supra*, and *Sherman* v. *Cobb*, *supra*, are in accord with the

great weight of authority both in this country and in England. 5 C. J. 96 and cases cited.

The respondent, however, urges that the opposite view is more reasonable and practical and more in harmony with modern business practice. In construing a contract the primary object is to ascertain and give effect to the intention of the parties. The court is not at liberty to read in to a contract a meaning which the parties did not intend. *Towne* v. *Jaquith*, 6 Mass. 46; *Tennessee Lumber Mfg. Co.* v. *Clark Bros. Co.*, 182 Fed. 618.

It is evident from the lease itself that it was prepared by those expert in such matters and it is a fair presumption that they were aware of the decisions in this State and of other authorities which call for unanimity on the part of arbitrators. Had it been their intention to be bound by a majority of the arbitrators, they would undoubtedly have said so. In our opinion by the use of the words "these three appraisers shall fix upon a fair and just sum" they intended these words to be taken in their literal sense. Our conclusion is that the award is invalid for the reason that it was not concurred in by all of the arbitrators. Having come to this conclusion, it is unnecessary to consider the question raised by complainants' replication, namely, that the appraisers did not take into consideration the value of the improvements made by the lessee. But, as this question was fully presented both in the briefs and by oral argument and, as the parties have requested that we give our views thereon so that this phase of the controversy may be determined without further resort to this court, we accede to the request.

The lease requires that alterations be made to the buildings that were on the land before the execution of the lease. In the eighth clause it is provided: "Said lessee at the termination of this lease shall surrender up peaceful possession of said premises with all buildings, structures and improvements thereon, to said lessors without cost to them; it being expressly agreed that all buildings, structures and improvements which may now be upon said demised

premises, or which may hereafter be placed thereon by said lessee, are and shall forthwith become respectively part and parcel of said demised premises and the sole property of said lessors, without charge or compensation."

That extensive alterations were contemplated is evidenced by the clause which gives the lessee the right to use any of the building material on the premises and to dispose of any such material not so used. It is clear from this and other provisions of the lease that the remodelled and improved buildings were the property of the lessor when the appraisers attempted to fix the rental for the second ten year period. The arbitrators were required to "fix upon a fair and just sum for the annual rental of said demised land and the buildings thereon."

In view of the alterations to the original buildings, what buildings were the appraisers to fix the rental on if not the buildings on the land at the time of the appraisal?

The respondent stresses the fact that in several clauses reference is made to "the buildings and improvements now on said premises or which may hereafter be added thereto" while in the clause providing for the appraisal the language used is "said demised land and the buildings thereon." From this it is contended that the parties meant that there should be no consideration given by the appraisers to the buildings as improved by the lessee. In our opinion the omission from the appraisal clause of any reference to buildings to be erected leads to the opposite conclusion. The clauses in which the term "to be hereafter erected" is used, the parties were speaking of obligations to be presently undertaken by the lessee, namely, the improvement and maintenance of the buildings now on the premises and those to be thereafter erected. They were speaking of matters of the present and of the immediate future. The clause providing for the appraisal is directed to a situation ten years after the execution of the lease when all the improvements and alterations had presumably been made. In view of the fact that said buildings were expressly declared to be the

property of the lessors, reference to when or by whom the buildings were erected or improved was naturally omitted from the appraisal clause. We are, therefore, of the opinion that the value of the buildings on the premises at the time of the attempted appraisal should be considered in fixing the rental to be paid for the second ten year period.

The appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court for further proceedings.

*Theodore Francis Green, Hoyt W. Lark, Curran, Hart, Gainer & Carr*, for complainants.

*William H. Edwards, Edward Winsor, Edwards & Angell*, for respondent.